*ELLIOTT, ET AL. vs. LABARRE, ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The sale of minors property, or that of a succession, where the heirs are absent, must pursue the forms of law directed for its alienation or the sale must be annulled.

The authority of the judge of Probates is necessary to enable the Register of Wills to sell. The latter is merely a ministerial officer and can make no disposition of the property of a succession, unless under the direction of the judge, to whom the law intrusts its control.

The heirs of Elliot brought suit to recover a lot of ground which belonged to their ancestor at the time of his death, and of which they alleged the defendants were in possession under an invalid title.

It appeared that the ancestor died in New-Orleans in 1811, leaving a widow and minor heirs residing in South-Carolina. His succession was administered upon as vacant

and on the 26th October, 1811, the lot in question was sold
by the Register of Wills, but not under the order or by the direction of the judge. Under this sale the defendants set
up title. There was judgment for the defendants, and the plaintiffs appealed.

*Hennen*, for appellants.

*Moreau* and *Soulé*, for appellees.

*Porter, J.,* delivered the opinion of the court.

A certain Christopher R. Elliott died in New-Orleans in the year 1811, and his widow and heirs not residing in this State, his succession was administered on as vacant, and a curator appointed to it. Among the property left by him was a lot situated in this city. It was sold under the authority of the Court of Probates, and this action is brought by the heirs of the deceased, to evict the possessors claiming title under that sale. The plaintiffs allege it was made without the formalities of law, and that it does not divest them of the title which they inherited from their ancestor.

The defendants have cited their vendor, and he has called in the person who sold to him. The answers of the persons thus made parties, deny the allegations contained in the petition, and further aver, that large improvements have been made on the property since it came into their hands, the value of which the plaintiffs must reimburse to them before they can recover.

The grounds on which the plaintiffs consider the sale void are as follow:

1. The property was sold without the order of the judge.

2. It was sold by the Register of Wills.

3. There was no attorney appointed to represent the absent heirs.

4. The usual and necessary advertisements were not put up, and the property was not advertised for a sufficient length of time.

We have kept this case a longer time than usual, under advisement, from an indisposition to disturb, after twenty years' possession, a sale of property which we have every reason to believe was made *bona fide.* After giving to the case, however, as attentive a consideration as it is possible for us to bestow on any presented for our decision, we have come to the conclusion, that the provisions of law which govern the facts before us, and the principles of our jurisprudence applicable to these provisions," are too imperative to be sacrificed to the ideas of equity, which our minds may suggest.    The sale of minors' property, or that of a succession, where the heirs are absent, must pursue the forms of law directed for its alienation, or the sale must be annulled. The conveyance derives its force and validity entirely from the law, and where that law is not followed, the authority which stands in place of the owners consent is wanting. In this case it has been much argued, whether a sale by the Register of Wills, without the aid and presence of the judge is valid; and reliance is placed on that article of the old code, which says that the judge, with the assistance of the register, shall sell the property of vacant estates. If it were necessary to a decision of this cause, it would perhaps be found that this objection is more plausible than solid. But whatever might be our opinion as to the necessity of the judge of probates of the city of New-Orleans being present and selling the property, with the assistance of the register, we are satisfied that if he is not required to sell, his authority is necessary to enable the Register of Wills to sell. The latter is merely a ministerial officer, and can make no disposition of the property of a succession, unless under the directions of the judge to whom the law intrusts its controul. The old code, page 174, art. 127, says: the judge *shall cause* the property to be sold.    In this instance, no order or direction of his to that effect is produced.    We consider it indispensable, and it cannot be presumed, for if given at all, it

must have been made a matter of record, and could be pro-
duced. It may be properly assimilated to the judgment,
and execution, which are a sheriff's authority; and should be
governed by the same rules of evidence.

We conclude, therefore, that the plaintiffs must recover
the lot sued for; but the case is not before us in a shape to
be finally disposed of. By an agreement on record, the
rents and profits claimed on one hand, and the demand for
the value of improvements, on the other, are reserved until
a decision is made on the question of title.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed; and it is further ordered, adjudged and decreed,
that the plaintiffs do recover of the defendant the premises
sued for, but that the plaintiffs shall not be put in possession
until the decision is made on the amount of the rents and
profits, and the value of the improvements—the appellee
paying the costs of this appeal.