## CAVELIER, F. W. C. *vs.* GERMAIN.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The 1787th article of the *Civil Code*, has no relation to the opposition on the part of the vendee to carry into effect the adjudication to him of minor's property, ratified by a family meeting subsequently held, on the ground that the bond of the tutor was not given within two days after the adjudication.

EASTERN DIS.
March, 1834.

CAVELIER,
F. W. C.
vs.
GERMAIN.

It is the assent of a party, or that of the person with whom he contracts which gives the contract its binding force. Both parties must be bound, or neither.

The auctioneer's acceptance of the last bid, on the adjudication of the property of a minor, is the acceptance and sale of the tutor, and if the person acting in that capacity has not given security, there is no legal acceptance of the bid.

The subsequent ratification of a sale made under such circumstances by a family meeting, on the application of the purchaser, might have rendered the adjudication valid, but such a ratification is of no avail when obtained on behalf of the minor.

The plaintiff is the grandmother and tutrix of three minor children of Felicité Tagiasco, who died in 1833. On her petition a family meeting was convened, which determined that it was for the interest of the minors, that a house belonging to them, situated in St. Peter street, in the city of New-Orleans, should be sold on certain conditions.

The proceedings of this meeting were homologated, and the sale was made on the 11th of June, 1833, by the Register of Wills, agreeably to the order of the judge of probates. It was adjudicated to the defendant for two thousand nine hundred and twenty-five dollars.

On the 13th of the same month, the plaintiff presented her petition offering her bond with surety for the fulfilment of her duties as tutrix. The surety offered was accepted, and the bond on the same day entered into.

The plaintiff then presented her petition, stating that the defendant refused to comply with the conditions of the sale of the property, and that her wards' interest required the ratification of the sale, and prayed that a family meeting might be convened to consider the propriety of ratifying the sale, or of having a second sale made.

The judge ordered the family meeting accordingly. It determined in favor of ratifying the adjudication.

The plaintiff then obtained a rule on the defendant to show cause why he should not comply with the conditions of

the sale. The rule was, after hearing both parties, made absolute, and the defendant appealed.

*Rousseau*, for defendant and appellant.

*Mercier*, *contra*, contended the sale was valid, because the formalities prescribed by the articles of the *Civil Code*, 1787 and 1788, have been complied with in due time.

MARTIN, J., delivered the opinion of the court.

The defendant on a rule to show cause why he should not be decreed to comply with the conditions on which a house and lot, the property of the minor wards of the plaintiff had been adjudicated to him, urged that the plaintiff did not give the bond required by law, from her as tutrix, till two days after the adjudication.

She showed that after the adjudication, she under an order of court, submitted it to the consideration of a family meeting, whether it was for the interests of the minors to have a new adjudication made, or the former ratified, and their opinion, which was for the latter alternative, was concurred in by the widow tutrix.

The rule was made absolute; the court of probates expressing its opinion that the property had been sold under an order of court, granted on the advice of a family meeting, and a subsequent family meeting had ratified the adjudication, made two days before the tutrix gave bond.

The defendant appealed.

The plaintiff and appellee's counsel has contended that the formalities prescribed by the *Civil Code*, 1787 and 1888, having been complied with in due time, the adjudication became thereby perfect.

The article 1787 does not appear to us to have any bearing on the present case.

The article 1788 authorises a person contracting with an incapacitated person to have, on disproving his error, the contract affirmed or annulled by the person having the care

The 1787th art. of the *Civil Code* has no relation to the opposition on the part of the vendee to carry into effect the adjudication to him of minor's property, ratified by a family meeting

EASTERN DIS.
March, 1834.

CAVELIER,
F. W. C.
*vs.*
GERMAIN.

subsequentlyheld, on the ground that the bond of the tutor was not given within two days after the adjudication.

of the affairs of the incapacitated individual, or by a family meeting.

This is the converse case, for the application to confirm is made in behalf of the incapacitated person.

We have not been favored with an argument on the part of the appellant.

It appears to be admitted by the appellee, that the property of the minors did not pass by the adjudication to the last holder, in other words that there was no sale; and we are called upon to say whether a new contract of sale, binding on the appellant, may result from posterior proceedings, to which he gave no assent and to which he was not a party.

It is the assent of a party, or that of the person with whom he contracts, which gives the contract its binding force. Both parties must be bound or neither.

It is the assent of a party, or that of the person he contracts with, which gives the contract its binding force. Both parties must be bound or neither.

The sale of a minor's property must be made by his tutor, by the ministry of an auctioneer. It is the tutor who sells, and a tutor cannot sell until he has given surety. The bid of the appellant was offered to and accepted by an auctioner, who lent his ministry to the tutor. His acceptance of the bid and judication was the acceptance and sale of the tutor, and if the person who was acting in that capacity was not qualified to act, according to law, there was no legal acceptance of the bid, no legal adjudication of the property. On the application of the appellant, if the family meeting had ratified the sale, it might, under the *Civil Code*, 1788, have been legal because the appellant's application accepted on behalf of the minor, by the family meeting, would have proved a perfect contract; but as the application could not have formed a contract, without its acceptance by the family meeting, so the determination of the family meeting cannot constitute a contract without the intervention of the appellant.

The auctioneer's acceptance of the last bid on the adjudication of the property of a minor, was the acceptance and sale of the tutor, and if the person who was acting in that capacity had not given security, there was no legal acceptance of the bid.

The subsequent ratification of a sale made under such circumstances by a family meeting, on the application of the purchaser might have rendered the adjudication valid, but such a ratification is of no avail when obtained on behalf of the minor.

A ratification binds the party who ratifies, but not the other party to the contract, who not being bound by an imperfect contract, cannot become so, *nolens volens.* For it must not be in the power of a party to an imperfect contract

to avail himself of and repudiate it at any time, as he may be prompted by his interest or caprice.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and the rule obtained against the appellant dis-charged, the appellee paying costs in both courts.