## BANK OF LOUISIANA v. DELERY et al.

An allegation that a judicial sale is null, is inconsistent with a claim to be paid by preference out of the proceeds. If the sale be null the claimant must exercise his privilege upon the property itself.

Nullities resulting from the non-observance of the formalities required in the alienation of the property of a minor, can be taken advantage of by him alone, and may be cured by his express or implied ratification after coming of age. They can only be taken advantage of in a direct action, before the proper tribunal.

A probate sale made to effect a partition cannot be set aside, unless all who are interested be made parties to the proceeding.

Questions of fraud, or revocatory actions, cannot be tried summarily, without the intervention of a jury, where either party insists upon his right to a jury. Such issues must be tried in a direct action; but where a person considers himself entitled to funds in the hands of a sheriff, he may arrest them till a final decision in a direct action.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. No counsel appeared for the plaintiff. *Schmidt*, for the defendant, cited *Chambliss* v. *Atchison*, 1 A. R. 488. *J. Séghers* and *Roman*, for the appellant, contended that the case was one in which summary proceedings were authorised, citing *Larthet* v. *Hogan*, 1 A. R. 330; and that in such cases a trial by jury is not allowed. C. P. 401, 757. *L. Janin*, on the same side. The judgment of the court was pronounced by

ROST, J. The Bank of Louisiana obtained a judgment upon two mortgage notes, subscribed by the defendant *Delery*, and endorsed by the two other defendants. The land mortgaged was sold to satisfy this judgment, and *Michel Albert Fabre* claimed the price in the hands of the sheriff, by the way of third opposition, on the ground that he had a legal mortgage on the property anterior in date to that of the plaintiffs. The defendant *Delery* excepted to this proceeding, alleging it to be a revocatory action in disguise; and further, on the ground that the matters set forth in the opposition could not be enquired into summarily. The plaintiff filed a general denial, and prayed for a trial by jury. The court below sustained the exception of the defendants, and *Fabre* has appealed from the judgment dismissing his opposition.

It is in evidence that the property sold had formed part of the community of acquêts and gains, formerly existing between the mother of the opponent and her second husband, *Sylvain Peyroux*; that the mother of the opponent died leaving five children, issue of her second marriage, and that *Sylvain Peyroux* was appointed natural tutor of those children, and dative tutor of the said opponent; that, upon the advice of a family meeting, the property of the community was sold to effect a partition, and that *Delery* derives his title from this judicial sale. It is also shown that, after the sale, *Sylvain Peyroux* rendered an account of his tutorship of the opponent, which was homologated by the Court of Probates.

The opponent now asks that the decrees of the Court of Probates, ordering the sale and homologating the account of the tutor, be considered as absolute nullities; and further, that the judicial sale, and all the mesne conveyances under which *Delery* holds, be set aside as fraudulent. At the same time he claims to receive by preference the proceeds of the property itself. These demands are

manifestly inconsistent. If the judgments of the Court of Probates were nullities, and the sales which have been made void, on the ground of fraud, the property must return to the community to which it originally belonged ; the opponent cannot receive the price paid by the evicted purchaser, and must exercise his claim upon the property itself.

Taking the allegations of the opponent to be true, as we are bound to do in deciding upon the exception, the equity of his claim cannot be doubted. But he has mistaken his remedy. Nullities resulting from the inobservance of the formalities required in the alienation of the property of a minor can be taken advantage of by himself alone, and may be cured by his ratification, express or implied, after he becomes of age. They are not therefore absolute nullities; and, if he wishes to take advantage of them, he must resort to a direct action before the proper tribunal. The probate sale was made to effect a partition, and cannot be set aside, unless all the persons interested be made parties to the proceeding.

Third oppositions are summary proceedings, to be tried without the intervention of a jury. In this case the plaintiff has prayed for a jury : and, as there can be no doubt of the legal right of parties to that form of trial in all issues of fraud, except in cases specially excepted, we are satisfied that the legislature did not intend that issues of that description should be tried summarily.

In the case of *Larthet* v. *Hogan*, 1 An. Rep. 330, relied on by the opponent's counsel, we held that it was not necessary, in all cases, that the seizing creditor should resort to a direct action against those who *nominally* held privileges or mortgages on the property sold, and that the holder of such mortgages might be compelled to proceed, by way of third opposition, to establish them. But we never intimated that questions of fraud, or revocatory actions, could be thus tried. Our views in relation to summary proceedings in the case of *Chambliss* v. *Atchison*, lately determined, *ante* p. 488, are more properly applicable to the question now before us.

Issues, such as the opponent has made, cannot be tried otherwise than in a direct action ; and if he considers himself entitled to the fund in the hands of the sheriff, he may arrest it there, by legal process, till the final decision of the court.

It is therefore ordered that the judgment be affirmed with costs.

---

## SAME CASE—APPLICATION FOR A RE-HEARING.

Where the property of one against whom a judgment has been rendered appears to be subject to privileges or mortgages, the judgment creditor, as incidental to the right of having the property sold for the payment of his debt, may call upon the creditors claiming such privileges or mortgages inpreference over his debt, by a rule, to show cause why they should not be erased; and to this rule the creditors are bound to plead; and if a sufficient reason be not alleged for not doing so, the court may order the privileges or mortgages to be erased to enable the sale to be effected. The pendency of a suit in which his debt, mortgage, or privilege is involved would be a good plea, and would arrest the distribution. Litigations concerning such privileges or mortgages are not required to be cumulated with the proceeding by rule, nor is the right to a trial by jury to be taken from a party entitled to it, nor that of having his rights as a creditor tested before any other competent tribunal. *Per Curiam :* The object is to compel the creditor claiming an apparent charge upon the property subject

BANK OF
LOUISIANA
*v.*
DELERY.

to execution to vindicate his right to determine the validity of his claim by suit, but *not to oblige* him to litigate it in the action in which he is called upon to answer, if he have a right to proceed in another form or before another tribunal.

O N an application by the counsel of the appellant for a re-hearing, the opinion of the court was delivered by

EUSTIS, C. J. By the petition for a re-hearing which has been presented by the counsel for the third opponent, we are led to believe that we have not succeeded in making ourselves understood in the opinion which has been delivered ; and as the question involved is one of practice, it is very desirable that no mistake, or difference of opinion, should exist as to its extent and meaning.

In the case of *Larthet* v. *Hogan and others*, it was determined by this court, that when the property of one against whom a judgment has been rendered, appears to be subject to privileges or mortgages, the judgment creditor, as incidental to the right of having the property sold for the payment of his debt, has a right to call upon the creditors claiming such privilege or mortgage in preference over his debt, to show cause why it should not be erased, and that this may be done by way of rule, and to this rule the creditor so called upon is bound to plead.

We by no means decided thereby that, with this proceeding the litigation concerning all such privileges or mortgages was to be cumulated, and that the right of a trial by jury was to be taken from a party entitled to it, or that of having his right as a creditor tested before any other competent tribunal, by connecting it with the cause in which the rule was taken. But we decided that the party should be bound to plead, and, if a sufficient reason should not be alleged, the court was authorised to order the privilege or mortgage to be erased, in order to enable the sale to be effected under execution. The object to be obtained was to compel the creditor claiming an apparent charge upon the property subject to execution; to vindicate his right to determine the validity of his claims by suit, but not to oblige him to litigate them in the suit in which he is called upon to answer, if he have, from the nature of his case or otherwise, a substantive right to litigate them in another form, or before another tribunal.

In this case the dispute between the parties is as to their respective rights as mortgage creditors, on the proceeds of property sold under execution ; and we held that the court having the control over the fund did not necessarily have the exclusive jurisdiction over the right of the parties growing out of their different claims, but only the disposition of the fund after they should be determined according to law. The case of reserved dividends of bankrupt estates, which is familiar to the profession, is an illustration of the idea which we intended to carry out.

We say, the creditor claiming a preference by mortgage or privilege, when called upon, is bound to plead. The pendency of a suit in which the validity of his debt, mortgage, or privilege is involved, would be a good plea, and would arrest the distribution. But the court can compel the creditor to litigate, or erase from the records an encumbrance, which the party refuses judicially to assert.

Proceedings of this kind, as we have said in *Larthet's* case, are authorised, as we conceive, by the Code of Practice, and are required by public policy, which forbids that records, which are ordained and established in the interest of *bonâ fide* creditors, should be made to perpetuate and keep alive encumbrances which have no existence except for purposes of collusion and fraud.

*Re-hearing refused.*