## BLANCHARD et al *v.* MAUREAU et al.

*The nullity of a probate sale of the property of a succession, resulting from the non-existence of any order therefor in the records of the parish where it was made, is one of which the heirs alone can avail themselves.*

APPEAL from the District Court of Lafourche Interior, *Randall,* J. *C. A. Johnson,* for the appellants. *L. Janin,* for the defendants. The judgment of the court was pronounced by

Rost, J. The defendants refuse to pay a portion of the price due by them for a plantation, on the ground that they have just reason to fear an eviction. The court below gave judgment against them for the price, with a stay of execution till the plaintiffs furnished security against the eviction apprehended, in the sum of $4,000. The plaintiffs have appealed.

The land was purchased by *P. F. Oyon,* at the probate sale of the succession of *Anne Bourg,* in 1816. It formed a part of the community which had existed between her and *Mathurin Daunis,* her husband. A few days after, *Mathurin Daunis,* as a tutor of his minor children, *Théodore Bourg,* as curator of some of them, *Marcel Daunis,* one of the heirs of age, and *Jean Charles Guillot,* the husband of another of the heirs, passed an act of sale to *Oyon,* in conformity with the adjudication. *Oyon* subsequently sold to *Lee,* from whom the defendants purchased, assuming to pay the sum now claimed as part of the price. No order for the judicial sale is found in the records of the parish, and the defendants allege its nullity by reason of that informality, on the authority of *Elliott* v. *Labarre,* 2 La. 326. This is a nullity of which the heirs alone could have availed themselves, and more than ten years elapsed, while they were all living and present after they attained the age of majority, without any attempt on their part to do so. We have no doubt of the good faith of *Oyon,* and the title under which he held was a just title. But it is true, as alleged, that the acts of possession, necessary for the inception of the prescription of ten years, are not shown. It results, however, from all the acts of transfer that there were buildings and improvements upon the land, and that it was sold as a plantation. In the sale from *Oyon* to *Lee,* the vendor stipulates that the delivery will not take place till the first of January next, following; and there is a further stipulation that the plantation shall be used and enjoyed by *Oyon,* even after that time, if the buyer fails to pay the first instalment of the price at maturity. The presumption of actual possession resulting from these facts and stipulations is sufficiently strong to induce us to remand the case, for the purpose of ascertaining the inception of the possession of *Oyon* and the facts of possession generally.

It is ordered that so much of the judgment as adjudges the defendants to pay the sum claimed, and the property mortgaged to be sold under it, be affirmed; and that so much of the judgment as stays execution be reversed, and the case remanded for further proceedings; the defendants and appellees paying the costs of this appeal.