The opinion of the court was delivered by
McEnery, J.
Albert Mallard, Prudent Mallard, George Mallard, majors, and the minor children* of Maria Mallard, deceased, owned a piece of property corner of Royal and Bienville streets. ■
Some of the co-proprietors were desirous for a division of the property, which could not be divided in kind.
Without an order of court, based upon the recommendations of a family meeting, 'the parties, the minors being represented by their tutor, who was their father, agreed to sell said property at auction, and advertised the same for sale, on certain terms and conditions, on the 30th of November, 1892, the sale to take place on the 14th of December, 1892, Spear & Escoffler being the licensed auctioneers to effect the sale of the property.
During the interval between the date of the first advertisement of the property and the day of the sale the parties became aware of the fact that judicial proceedings were necessary in order to divest the interest pi the minors. Therefore, on the 7th of December, 1892, the major heirs filed a suit against the minor co-proprietors for a partition of the property and prayed for a judgment of partition by private sale, under Acts No. 134 of 1869 and 25 of 1878. A family meeting was held in pursuance of this judgment, and advised that the property be sold at private sale. Upon the petition of the major heirs and the tutor, who had accepted service of the petition in the suit, the deliberations of the family meeting were homologated a few hours before the sale was made by the auctioneers, on 14th December, at 12 o’clock, as advertised on 30th November, 1892. The property was adjudicated to the defendant, the Widow Pierre Dejan, who bid the price of $17,000, being $2000 in excess of the amount at which it was ordered sold at private sale.
*1274 There were two other properties cried the same day in pursuance of the advertisement, and sold under the same circumstances. The adjudícateos have complied with their bid.
Believing the adjudication of the property to her illegal, the defendant addressed to the auctioneer and the parties a communication in which she demanded the return of the amount deposited by her, and declined to accept title.
After the defendant had declined to accept title, the tutor and father of the minor children presented a petition to the Civil District Court of the Parish of Orleans, in which he recited all the facts leading up to the sale and the refusal of defendant to accept title, and averring that in his opinion the sale was advantageous to the minors and that it would be to their interests if the sale was ratified and the adjudicatee made to comply with her bid; he prayed for the convening of a family meeting to ratify said sale and to compel the adjudicatee to comply with her bid. The order for the family meeting was granted, and it was convened in pursuance of the order, and advised that all the said proceedings leading up to the sale, including the same, be affirmed and ratified.
The deliberations of this meeting were homologated. On the 30th December the defendant protested against the proposed ratification of the sale to her and declared she would not acquiesce in or assent to the ratification, and renewed her demand for the return of the deposit made by her.
The defendant in answering denies the validity of the adjudication for several reasons:
I.
“ That the judgment rendered by this honorable court, Division 1D,’ on 14th December, 1892, in the suit of A. Mallard et al. vs. The Minors Dechamps, No. 37,461 of the docket of this court, did not order or authorize the sale of said property at auction, but on the contrary said judgment and the family meeting held in behalf of said minors Dechamps, and upon whose advice said judgment was rendered, ordered that said property should be sold by private sale.
II.
“ That even if it could be pretended that a sale by auction for the purpose of effecting a partition between heirs of age and minors might lawfully be made under a judgment ordering that the property *1275 be sold by private sale, the auction sale herein would be and is an absolute nullity, because said auction sale was not made by virtue of the aforesaid judgment, and because the legal advertisements indespensably required for the sale at auction of minors’ property were not published, and in point of fact no advertisement whatsoever took place between the date of said judgment and the date of said auction sale.
III.
“That said auction sale was and is also a nullity, not only as to the minors, but as to the major heirs themselves, because the auctioneer did not receive from the sellers, before the sale, authority to sell at auction, and the terms and conditions of the sale in writing, as required by law.
IV.
“That the proceedings in the aforesaid suit No. 37,461 were consent proceedings carried on by the major heirs and the tutor of the said minors, apparently for the purpose of effecting a partition by private sale, but in reality with not the slightest intention of making a private sale, their sole purpose being to do away with the formalities prescribed by law for the sale of minors’ property at auction under an advertisement already made.
V.
“ That said pretended partition proceedings are moreover null and void, because there was no citation of the said minors, their tutor having without any authority in law waived the citation, and also because the deliberations of the family meeting in behalf of said minors were not homologated by the judge of the parish in which the said minors reside.”
There was judgment for defendant, rejecting plaintiff’s demand. They appealed.
The plaintiffs contend in answer to the first objection of defendant that the authority to sell at private sale includes the authority to sell at auction with all its formalities and advantages, provided the price is obtained and the terms followed as fixed by the family meeting, which advised and recommended the sale of the minors’ property at private sale.
Before the passage of Act 25 of 1878, it was sacramental that the *1276 provisions of the code in relation to the alienation or mortgage of minors’ property should be followed strictly. Articles 339, 340, 341, 342, Oivil Oode.
In the case of DeLemos vs. Garcia, 1 N. S. 338, the question was raised whether there was a distinction in the sale of minors’ property made by executors and that made by tutors. “We have found,” said Judge Porter, “in the law a difference in the formalities by which these sales are to be made, but we have found none in the necessity of pursuing those prescribed, and we dare not now introduce for the first time the principle that the sale of immovable property belonging to minors, no matter by whom made, can be legally made unless the law is exactly pursued.”
And in the case of Elliott et al. vs. Labarre et al., 2 La. 326, it was held that the sale of minors’ property, or that of a succession, where the heirs are absent, must pursue the forms of law directed for its alienation or the sale must be annulled, and this doctrine, based on the provisions of the code, has been held from these early decisions to the latest on the same subject announced by this court. Act 25 of 1878 in no way affects this jurisprudence. The forms of law prescribed are to be followed, whether at public or private sale, to effect a partition. Fix vs. Koepke, 44 An. 747.
Was the minors’ property sold in accordance with law, and has the law which directed the sale been complied with?
The property was advertised for sale by agreement among the major heirs and the tutor. There was no order of court based upon the advice and recommendation of a family meeting for its sale. The terms of sale were fixed by this agreement and the sale was made as advertised.
The sale would have been an absolute nullity if consummated as advertised; but during the course of the advertisement an order of court was obtained for the sale of the property at private sale to effect a partition in accordance with Act 25 of 1878. Was this order remedial in its effects, and did it cure the preceding defects ? We think not. The advice of the family meeting was for a private sale. The judgment of the court homologating the proceedings ordered the property to be disposed of by private sale. That in this particular case the sale was beneficial to the minors can make no difference in the law applicable to the sale of minors’ property. Public policy demands a strict enforcement of the provisions of the code *1277 for the sale of minors’ property — that is, that the law under which it is sold be pursued. Civil Code 1341; Succession of Morgan, 12 An, 153; Savage vs. Williams, 15 An. 250; Fix vs. Koepke, 44 An. 747.
Act 25 of 1878 only provides an additional mode for the sale of minors’ property which is held in indivisión. The record does not show that there was any attempt to sell at private sale. The public sale, already advertised, was used as the means of diposing of the minors’ interest. It is true the terms and conditions of the public sale were the same as those fixed by the family meeting.
But still it was a public sale, differing from a private sale, both in the proceedings necessary to provoke it for the sale of minors’ property and in the costs attending the respective methods.
A greater price might have been obtained at private sale, In the future the minor might have attacked the sale and alleged that he had been defrauded; that his property was sold at public instead of private sale, at which he would have received a greater price. The history of jurisprudence instructs us that such a proceeding is not only possible but probable, and the defendant in this case was therefore tendered a title suggestive of future litigation.
We have repeatedly held that an unwilling vendee can not be compelled to accept such a title. Succession of Weber, 16 An. 420; James vs. Meyer, 41 An. 11.00; Beer vs. Leonard, 40 An. 847.
The advertisement of the sale of the property without a decree to support it was continued until the last day, when it was sold. On this day, a few hours before the sale, the decree was rendered ordering the sale of the property to be made by private sale. The fact that this decree was rendered could not make the public sale, unauthorizedly advertised, a private sale. There is no evidence that any attempt had been made to sell at private sale. The fortunate circumstance that a bidder opportunely appeared and offered more than the appraised value does not negative the fact that more might have been obtained by a thorough canvass for a vendee. It is not improbable that bidders refrained from bidding because of the absence of an order to sell in the first instance. A prudent buyer would look to the source for the sale of the property. This is his protection, and not finding an order he would refrain from bidding. The effect of the advertisement and the .absence of the order were to destroy competition.
If the adjudicatee had complied with the bid and her title should *1278 afterward be attacked by the minors, when they attained majority, what would be the defence ? If she relied upon the order of court and the law for the sale of minors’ property, she would find both wanting.
If upon the judgment ordering the property to be sold at private sale the answer would be “ You purchased at public sale.”
“ lb was not offered to you at private sale, and your bid was invited by the advertisement for a public sale.”
It is evident that the sale was made in pursuance of the advertisement at public auction, without an order of court, and not in pursuance of the order to sell at private sale.
There was no agreement by defendant to purchase under the order to sell at private sale.
One purchasing at auction sale in pursuance of an advertisement must be viewed, as one purchasing at auction sale and not as a vendee in a conventional contract at private sale. Collens vs. Demarest, 45 An. 109.
The plaintiffs contend that the adjudication to the defendant was ratified by the proceedings of the family meeting and the judgment homologating the same. He relies upon Art. 1794, Civil Code, and a number of cases quoted in his brief, which do not support his contention.
We have earfully examined these cases and find thatthe facts bear no resemblance to these in this case. ' In them the property of the minors had been sold in pursuance of a decree of court which protected the purchaser. In all of these cases there was authority for the sale, and the informalities complained of were relative in their nature and curable by ratification.
In Bank of Louisiana vs. Delery, 2 An. 648, there were relative nullities which only could be taken advantage of by the minor, and which he ratified on attaining his majority.
Dunbar vs. Creditors, 2 An. 727, the contract had been executed. The father of the minors had surrendered in his insolvency community property, one-half of which belonged to the minors. It was sold by the syndics without an order of court, based on the advice of a family meeting.
The syndic filed a tableau of distribution, which the minors opposed, claiming, with privilege, their portion of the proceeds of the sale of the community property. Their demand was sustained. The *1279 court required the sale of the minors’ interest ratified through the intervention of a family meeting before they should receive their portion of the proceeds. This was, in effect, carrying out the letter and spirit of Art. 1794 of the Civil Code, as it was an order in behalf of the party, contracting with a minor, calling for a ratification of the contract by a family meeting and an order of court on their deliberations.
This case, we think, sustains the position of the defendant herein.
Vaughan vs. Christine, 3 An. 328: In this case the intervenor claimed that certain property which had been previously partitioned among the heirs should be restored to the succession of the father. More than five years had elapsed since the majority of intervenor, and the court declared the action barred by prescription.
In Charpaux vs. Bellocq, 31 An. 164, the contract of sale had been executed. In 1860 the property was sold by a surviving widow to the defendant. It was held in common with the minor children, and sold without the intervention of a family meeting.
The defendant sold the property to the plaintiff Charpaux on 14th June, 1866. In this act of sale it was stipulated that the notes given by Charpaux for the price should remain in his hands until the title could be perfected to the property. On the 25th March Charpaux instituted suit to annul the sale. The major heirs ratified the sale, and one of the heirs being a minor a family meeting was called and ratified the sale, which proceedings were duly homologated. The demand of the plaintiff was rejected. This case comes under the Art. 1794 of the code, the title being perfected in the interest of and on behalf of the first vendee, the vendor of plaintiff.
In Chalon vs. Walker, 7 An. 477, the parties were all majors. Two were married women, who in the act of partition were not authorized by their husbands, the answers in the suit for the same, however, alleging they were duly authorized. The property was sold at public sale. No experts had been appointed to determine whether the property could be divided in kind or not.
The court held that these informalities were such that the parties having an interest could alone waive them, and, having offered to do so, they should have time in which to ratify the sale.
In Melancon Heirs vs. Duhamel, 7 La. 286, the contract was executed. The suit was to recover the price of land sold. Duhamel was evicted from a large portion of the land by one Broussard. He *1280 had called his vendor in warranty. Broussard in act of renunciation renounced in favor of Duhamel all the advantages, benefits, etc., he had obtained by the judgment of eviction. The warrantor had fully answered the call by preventing the execution of Broussard judgment, and giving to his vendee absolute protection. Judgment was rendered for the price.
In Grimshaw vs. Hart, 6 Robinson, 265, the suit was for the specific performance of a contract for the sale of land. The defendants refused to' comply with the contract, because of mortgages on the property. The mortgage creditors offered to intervene in the act of sale and relinquish their claims; A specific performance was decreed.
In Misner vs. Fulshire, 21 An. 282, the decree for the sale of minors' property Was made on the advice of a family meeting. The adjudicatees brought suit to have returned to them the price of the property which they had paid, on the ground that the major heirs had not been made parties in the suit for partition. The major heirs accepted their portion of the price, and the court held by doing so they had waived their right to attack the sale.
In the unreported case of the Succession of James Leichleiter, 36 An. 989, the heirs were of age; some had ratified the sale, others had not. Held that the vendee had the right to retain in his hands the portion of the price going to the heirs who had not ratified the sale.
In the Succession of Byrne, 38 An. 518, the adjudicates of the property sued to effect a partition declined to comply with his bid. The court compelled compliance on the ground that the adjudicatee was protected by the order of court, and that the irregularities complained of were not such as to cast a cloud on the title tendered.
These cases are in line with the code and the jurisprudence of this State, and not in conflict with the early decisions of this court already referred to and the case now noticed, which interprets the Art. 1794 of the Oivil Code. This article authorizes a party contracting with an incapacitated person on discovering error to call on the person having charge of the incapacitated person for a family meeting to affirm or annul the contract. In the case Oavalier vs. Germain, 6 La. 215, the plaintiff sued out a rule on the defendant to show cause why he should not comply with his bid on a house and lot adjudicated to him.
*1281 The defendant alleged that the tutrix could not give bond until two days after the adjudication. The tutrix, two days after the adjudication, submitted to the deliberations of a family meeting whether it was for the interest of the minors to have a new adjudication made or the one to defendant ratified.
They recommended the latter.
The court held that the ratification by the family meeting was of no avail without the consent of the defendant.
The syllabus is as follows: “ The subsequent ratification of a sale made under such circumstances by a family meeting on the application of the purchaser might have rendered the adjudication valid, but such ratification is of no avail when obtained on behalf of the minors.”
Under the plain textual provisions of Art. 1794 of the code, and the authority of this case, we do not think that the subsequent ratification by a family meeting, without the assent of the defendant, made valid the sale of the property to defendant.
The contract was imperfect and could not be perfected without the assent of defendant.
An imperfect title was tendered to defendant and she was not compelled to accept it. ■
Judgment affirmed.