(36 South. 659.)

No. 15,160.

MacRAE v. SMITH et al.

(May 9, 1904.)

GUARDIANS—AUTHORITY TO SUE—FAMILY MEETING—PARTITION—SALE—RATIFICATION.

1. This is an action by plaintiff to compel the defendants to accept the title tendered.

2. The property could not be divided in kind, and in consequence a partition by licitation was ordered at the instance of a foreign guardian.

3. No family meeting was held to authorize the guardian to sue for a partition. A family meeting was held, the guardian failed to ask for needful authorization to bring suit, and it (the family meeting) passed on other questions relating to the minor's interest in the partition.

It (the failure to obtain power authorizing the suit) has the appearance of an oversight.

The property was sold on the terms and conditions recommended by this family meeting.

4. Under article 1788, Civ. Code, whatever irregularity there may be can be cured, and the sale ratified, by calling a family meeting to ratify and validate the sale, if such ratification and validation be necessary.

5. The interest of a minor being involved, the adjudicatee of the property has the right to require that every and each formality be complied with or completely ratified.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mary Jane MacRaé, as guardian of Madeleine Hope MacRae, against Mattie Winans Smith and others. From a judgment for plaintiff, defendants appeal. Modified.

McCloskey & Benedict, for appellant C. A. Hartwell. Jérome Meunier and Charles F. Claiborne, for appellant J. A. Mercier. E. Howard McCaleb, for appellee.

BREAUX, C. J. Plaintiff asks for a judgment to compel defendants Charles A. Hartwell, adjudicatee of one of the properties, and J. A. Mercier, of the other, to accept title to property adjudicated to them.

There is no issue of fact between plaintiff and defendants. The case presents only questions of law. Before taking up these questions for decision, a synopsis of the facts was prepared by us, showing that plaintiff holds letters of guardianship from a court of New York. As guardian she brought suit before the civil district court, Division B, for a partition of immovable property situated in the city of New Orleans, of which her ward is one of the proprietors. She did not specifically pray to be authorized by the court to institute the suit, as required by article 1312 of the Civil Code. Her co-owners of the property are of age, and they are also residents of New York.

A judgment was rendered in the proceedings for a partition. The property was, after advertisement, offered for sale at public auction, and was adjudicated to defendants, respectively, they being the highest and last bidders.

The adjudicatees, apprehending that the title was not sufficiently legal for them to accept it, declined to complete the sale by signing the deed and complying with the terms and conditions of the adjudication.

Whereupon a rule was taken out by plaintiff against Hartwell, and another rule against Mercier, another adjudicatee at the sale for a partition. The rules are before us, consolidated into one case for decision.

At the beginning of the proceedings a petition was filed by Mary Jane MacRae, of New York, guardian of Madeleine Hope MacRae, setting forth, in accordance with the fact, that an inventory had been taken of the property belonging to her ward. From state-

ments in procès verbal of inventory and in the proceedings for partition, it appears that the ward of plaintiff in rule is the daughter and sole heir of Madeleine Geddes Smith, wife of Charles MacRae, and that she owns the property in common with Mattie Winans Smith, wife of Reginald Williams Pressprich, Velma Morse Smith, wife of Edward H. Rogers, and Maxwell Baldwin Smith, all residing in New York.

It appears that the property could not be conveniently divided in kind, and the guardian for that reason asked for a sale by licitation.

An undertutor ad hoc, residing in this city, was appointed, and a family meeting was held for the purpose of determining whether said property is divisible in kind, and whether it should be sold to effect a partition thereof, and to fix the terms and conditions of the sale of the minor's interest.

The procès verbal of this family meeting, at length, circumstantially sets forth the facts detailed in the petition of the guardian, adopted by the court, for a partition, and the purpose she had of selling the property, and of having the terms and conditions fixed to that end.

The recommendations of this family meeting were homologated by judgment of the court, dated July 9, 1903, and the partition was accordingly authorized.

The property was advertised, and on the 27th of August, 1903, it was adjudicated, respectively, as before mentioned, to the defendants in rule.

In answering the petition in rule, the defendants severed in their defense, although the grounds of defense are substantially the same. The grounds, save one, present no important or serious issue, and this one we will now consider.

Briefly stated, it is that the suit for a partition was filed without having previously obtained the advice of a family meeting and the approval of the court.

We have seen that a family meeting was held, and its proceedings were approved. It did not in so many words advise suit to be brought for the partition, although it contained the statement before made by us in regard to the necessity of a sale to effect the partition. The partition by licitation was recommended, and received the court's sanction, but the suit itself was not recommended to be brought for the partition. It is evident that it was an oversight, both in preparing the petition, and in the proceedings of the family meeting.

It none the less affords ground for objection on the part of defendants in rule.

They urge that authorization of a family meeting is a condition precedent to the right of a tutor to institute suit for the partition of his property, and that a "guardian" falls within the terms of that condition, as well as all cases of co-ownership.

They further urge that the question was never submitted to a family meeting, and that the proceedings cannot be considered to have ratified that which was not considered by them.

We will take up the important question at issue.

The question is whether the omission (unintentional, it is evident) is fatal to the sale.

Ordinarily, among persons who are sui juris, if details are laid down for the performance of an act, it imports an act to be done. The authorization to sell property to effect a partition by licitation on terms and conditions stated would include the authorization to appear before the court to ask for such orders as are needful to a valid partition by licitation.

The greater would include the less. In other words, where a power is conferred, all that is necessary to carry out the purpose of the power is also conferred, in order that it may be made complete.

That rule of construction it is perhaps best not to apply too freely when minors are con-

cerned, and it is best to avoid implications, and all necessity for relying upon implications, to supply that which should have been done in the first instance. We leave the subject to consider whether the sale is to be considered as absolutely void, if void at all. We do not think that it is a mere dead letter. The court had jurisdiction to order the sale, and did order the sale; in order that a partition by licitation might be made.

Guardians appointed under article 363, Civ. Code, are authorized to sue for and recover "any property, rights or credits belonging to a minor in this state." The co-owners and this guardian were parties to the proceedings, and all the forms were followed, save the one lapsus to which we have before referred. A question very similar has been decided. Years ago property in which minors had an interest had been surrendered and sold at public auction, and the sale, not having been made by the order of the judge, rendered on the advice of a family meeting, was irregular, so far as the minors were concerned.

Under article 1788, Old Civ. Code, the "irregularity was declared cured, and the sale ratified, by calling a family meeting to do that which should have been done originally. The court said, for the "preservation of the rights of the purchasers," that a family meeting should be held, and required approval obtained. Dunbar v. Creditors, 2 La. Ann. 730; Vaughan v. Christine, 3 La. Ann. 328; Bank of Louisiana v. Delery, 2 La. Ann. 648.

In Charpaux and Valette v. Bellocq, 31 La. Ann. 167, the court treated a nullity somewhat similar to the one here as one of quasi public order, and none the less said that, as it can be ratified by the minor when he becomes of age, it can be ratified in proper proceedings under the textual provisions of the Code.

A family meeting was held in Succession of Richardson v. Heirs of Richardson, 52 La. Ann. 1403, 27 South. 890, in order to put an end to all the questions of irregularity of the proceedings on the ground that certain formalities that were not absolute had not been complied with. The adjudicatee is entitled to a good and valid title before he can be made to comply; he is authorized to require that a decree of court be obtained, on the advice of a family meeting, decreeing that the minor is bound by the proceedings had, but this may be done after the sale.

We think that, under the circumstances of this case, appellee should bear the costs of appeal.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, amended by requiring the plaintiff and appellants to have a family meeting held, and to obtain approval and ratification of the proceedings of partition, and of the title rendered, before decree finally issues to compel plaintiff to accept title. With this amendment, the judgment is affirmed, at appellee's costs on appeal.