LAND, J.
Two lots belonging to the succession of Michael Gairnes were adjudicated at a probate sale to Francis Carrau, who refused to comply with his bid on the ground that the sale had not been advertised as required by law. Thereafter the administratrix ruled Francis Carrau to show cause why he should not be condemned to comply with the adjudication.
F'or answer, the defendant in rule averred that the adjudication made to him was null and void, and conferred no title on him, because the advertisement of the sale had not been published “once a week” during 30 days, as required by law, and that on the discovery of this defect in the proceedings the respondent declined to accept the title and demanded a return of his deposit of 8303.50, made at the time of the adjudication. The respondent prayed for judgment in his favor, dismissing the rule and ordering the administratrix to return the deposit, with all costs of the rule. There was judgment in favor of the defendant in rule as prayed for, and the administratrix has appealed.
The property was ordered by the court to be sold at public auction for the prarpose of paying the debts of the succession, which appears to be barely solvent. It is admitted that notice of the sale was not advertised once a week during 30 days as required by law. It is contended, however, that this defect in the proceedings was cured by the subsequent ratification of the sale by the major heirs by authentic act and by the minor heirs by the advice of a family meeting duly homologated.
Defendant in rule contends that the ratification of such a public sale cannot be forced on the adjudicatee against his will — citing Civ. Code, art. 1794 (1788); Cavelier v. Germain, 6 La. 215; Mallard v. Dejan, 45 La. Ann. 1270, 14 South. 238; Succession of Yarutzky, 52 La. Ann. 1913, 1919, 28 South. 328.
The article above cited reads as follows:
“A person who, being ignorant of the incapacity of one unable to contract, shall make an agreement with such person, may immediately, after he has discovered the incapacity, call on the party, if the incapacity has ceased, or on the person having the legal administration of his affairs, if it have not, to confirm or annul the contract; and if it be a contract of such kind, as the administratrix might have made, then his assent shall confirm it, or his dissent shall free the contracting party from the obligation on his part. If the assent of a family meeting would have been necessary to authorize the contract, it may be called, on the application of the party, and their decision shall have the same effect in confirming or in validating the contract that it would have had on its formation.”
This article is on its face limited to contracts defective on account of the incapacity *226 of one of the persons to make a binding agreement, and is permissive as to the other party capable of contracting. The capable party may, but is not compelled to, demand a ratification. It may well be questioned whether this article has any application to judicial sales. See Cavelier v. Germain, 6 La. 215, where it was held that a judicial sale of the property of minors, void because the tutor had not given bond at the date of the adjudication, could not be subsequently confirmed or ratified against the will of the adjudieatee.
The court said, in part:
“A ratification binds the party who ratifies, but not the other party to the contract, who, not being bound by an imperfect contract, cannot become so nolens volens.”
In the case at bar the adjudieatee was not bound, because the judicial sale was voidable for want of legal advertisement. A ratification cannot be forced on him against his will. Moreover, the ratification by the heirs would not protect him against the action of creditors of the succession.
The case of Cavelier v. Germain, 6 La. 215, supra, was expressly reafiirmed in Mallard v. Dejan, 45 La. Ann. 1270, 14 South. 238, and also in Succession of Yarutzky, 52 La. Ann. 1919, 28 South. 828. In the case of McRae v. Smith, 112 La. 715, 36 South. 659, it does not appear that the purchasers were unwilling to accept the title, if ratified by a family meeting. In Succession of Richardson v. Heirs of Richardson, 52 La. Ann. 1406, 27 South. 890, the proceedings of the family meeting and the sale were practically simultaneous, and were parts of the same proceeding. We consider the jurisprudence on the subject settled by the three well-considered cases first cited. If the title conveyed by the judicial sale be bad, we do not think that the adjudicatee can be forced to accept a subsequent ratification of the void or voidable title.
If the adjudieatee be not bound by the adjudication, another contract cannot be forced upon him.
The adjudieatee bargains for a present valid title, and is not bound to consent to the delay and loss incident to the patching up of a defective title.
While we have discussed this case from the point of view that the sale in question might have been ratified by the heirs, we do not think that a void or voidable succession sale can be ratified by the heirs without the consent of the unpaid creditors of the estate.
Judgment affirmed.