No. 6420.

# MARIE C. CUREAD, WIDOW OF JOHN B. LUTENBACHER, vs. THEODORE C. LUTENBACHER, ET ALS.

## Syllabus.

If a public sale be voidable, the adjudicatee cannot be compelled against his will to comply with the adjudication, even though the vices in the sale be subsequently cured.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 104,624. Honorable T. C. W. Ellis, Judge.

M. D. Dimitry, O. S. Starkey, George W. Flynn, J. A. Grasser, for appellant.

E. Pomes, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The judgment of partition herein ordered that the interest of the minors in the property be sold upon terms to be fixed by a family meeting to be convened for that purpose. This requirement was not observed, but on the contrary the property was advertised for sale and adjudicated to one Gomez, for cash, without any attempt having been made to convoke a family meeting to fix the terms as specifically prescribed by the judgment.

However, at a family meeting held some two months later, the sale was ratified and approved; and thereupon the title was tendered to the adjudicatee, who declined to accept same on the ground, among others, that the sale being null at the time of the adjudication, a ratification thereof could not be forced on him against his will.

The trial Court upheld this contention of the adjudicatee and dismissed the proceeding instituted against him to compel him to comply with his bid. Its action in this respect is now before us for review.

The appellants contend that the adjudicatee should be compelled to comply with the adjudication because the irregularity complained of was cured through the ratification of the family meeting subsequently held; and they cite the following authorities which undoubtedly support this view:

> Richardson vs. Richardson Heirs, 52 An., 1402.
> McRae vs. Smith, 112 La., 715.

These cases, however, are no longer authorities, for recently the Supreme 'Court, after citing **Cavalier vs. Germain, 6 La., 215,** to the effect that a ratification binds the party alone who ratifies, has said:

> "The case of **Cavalier vs. Germain, 6 La., 215,** was expressly re-affirmed in **Mallard vs. Dejan, 45 La. An., 1270,** and also in **Succession of Garutsky, 52 An., 1919.** In the case of **McRae vs. Smith, 112 La., 715,** it does not appear that the purchasers were unwilling to accept the title, if ratified by a family meeting. In **Richardson vs. Richardson Heirs, 52 An., 1402,** the proceedings of the family meeting and the sale were practically simultaneous, and were parts of the same proceedings. We consider the jurisprudence on the subject settled by the three well-considered cases first cited. If the title conveyed by the judicial sale be bad, we do not think that the adjudicatee can be forced to accept a subsequent ratification of the void or voidable title.'"
> Succession of Gairnes, 121 La., 223.

And this same principle has been applied in the later case of **Reinach vs. Young, 122 La., 610.**

There is therefore no error in the judgment and it is accordingly affirmed.

Affirmed.

Opinion and decree, June 30th, 1915.