tion is necessary to prevent such illegal diversion.

 It is well settled that injunctions will issue in such cases. Cruse v. Police Jury, 151 La. 1056, 92 So. 679. Jeane et al. v. Police Jury of Vernon Parish, 163 La. 1053, 113 So. 372.

This petition and the affidavit annexed thereto were filed in evidence on the trial of the rule nisi. During the trial, the president of the policy jury of Winn parish admitted, on the witness stand, that contracts had been awarded, and that bids were in the hands of the police jury for contracts for working other roads in the parish.

Plaintiff also placed upon the witness stand a competent engineer, who had been employed to check and estimate the amount of dirt which had been moved, and for which plaintiff had not been paid.

Defendant offered no testimony.

We agree with the trial judge that the evidence before him at least justified the issuance of a preliminary injunction, whatever may be the facts developed finally on the trial of the merits.

Defendant filed an exception of no right or cause of action, and an exception denying the right of plaintiff to sue in his individual capacity upon the contract alleged in the petition.

These exceptions were overruled, and properly so, in our opinion.

The evidence clearly shows that the original contract was awarded to W. H. Smith, Jr., by road district No. 11, acting through the police jury of Winn parish, as its governing authority.

This contract was acquired by the firm of Williams & Harding, and John O. Williams, plaintiff and partner in this firm, bought

the interest of Harding in the contract, and assumed all the liabilities and obligations of same, with the full knowledge and approval of the road district.

The allegations of the petition, in our opinion, set forth a sufficient right and cause of action, based upon specific and well-pleaded facts.

Judgment affirmed.

(134 So. 95)

**Succession of VALENTI.**

No. 30892.

Supreme Court of Louisiana.
March 30, 1931.

Charles V. Macaluso, of New Orleans, for appellant.

Arthur J. Peters, of New Orleans, for appellee French Market Homestead Association.

Carroll, McCall & Plough, of New Orleans, for Mrs. Francoise Jeanne Aimee de Lobel Mahy and others.

OVERTON, J.

The administratrix of the succession of Salvador Valenti procured an order of court to sell, at public auction, for cash, according to law, all of the property of the succession, movable, and immovable, to pay the debts thereof.

There were, among the properties belonging to the succession, two lots of ground, together with the improvements thereon, upon which rested a vendor's privilege and special mortgage, duly registered, in favor of Mrs. Francoise d'Abzac, to secure the sum of $9,600, with 7 per cent. interest. There were also, among the properties of the succession, two lots, with the improvements thereon, on one of which rested, in favor of the French Market Homestead Association, a vendor's privilege and special mortgage, duly registered, to secure the sum of $24,800, with 7 per cent. interest, and on the second of which rested, in favor of the same association, a vendor's privilege and special mortgage, duly registered, to secure the sum of $3,000, with 7.8 per cent. interest.

The property, on which the mortgage rested in favor of Mrs. d'Abzac, was bid in by Joseph Masera for $7,400, and one of the pieces of property, mortgaged to the homestead association, was bid in by that association for $20,000, and the other was bid in by Joseph C. Bere for $4,000.

The administratrix, alleging that, in order to vest absolute titles in the adjudicatees, it was necessary to cancel the vendor's privileges and special mortgages, resting on the property adjudicated, and refer them to the proceeds of the sales, ruled Mrs. d'Abzac and the homestead association to show cause why such cancellations and references should not be made. Both the mortgage creditors, in response to these rules, alleged that the sales were null, because they had not been advertised in the manner and for the period prescribed by law. The administratrix then pleaded that both of the mortgage creditors were estopped to urge such a defense, for the reason that one of them—Mrs. d'Abzac—was present at the sale, through her agent, and interposed no objection to the sale's being proceeded with, and because the other—the homestead association—took part in the sale by bidding in one piece of the property offered.

Act No. 104 of 1878, relative to judicial advertisements in the parish of Orleans, provides that:

"Judicial advertisements shall be made by publication in a daily paper on three different days before the expiration of the term fixed by law, if the term be of ten days; and for those advertisements for which the term of thirty days is fixed, it suffices if they are pub-

lished in a daily paper once a week during that term."

The sales were advertised in a daily newspaper, in the parish of Orleans, to take place in that parish on April 17, 1930, in the issues of the paper of March 13, 16, 30, April 6, 13, and 17, 1930. It is obvious, from the foregoing, that the properties were not advertised for sale during the week beginning Sunday March 23, 1930, and ending Saturday March 29, 1930.

██ Under the express terms of the act of 1878, the property should have been advertised for not less than once a week for thirty days. This means that, during the thirty-day period, the property must be advertised once in each calendar week, though upon what particular day in each calendar week, or that more than seven days intervene between advertisements in two calendar weeks, is a matter of no legal importance. In re City of New Orleans, 52 La. Ann. 1073, 1078, 27 So. 592; Schenck v. Schenck, 52 La. Ann. 2102, 28 So. 302; In re Lindner, 113 La. 772, 37 So. 720; Keife v. La Salle Realty Co., 166 La. 553, 117 So. 588; Ronkendorff v. Taylor's Lessee, 4 Pet. 360, 7 L. Ed. 882. As the properties were not advertised for sale once in each calendar week for thirty days, it follows that the sales thereof are subject to annulment. Freeman v. Stacy, 2 La. Ann. 615; Ex Parte Groves, 12 Rob. 130; Bourg v. Monginet, 1 Rob. 331; Succession of Gairnes, 121 La. 223, 46 So. 217.

██ As to the pleas of estoppel, they are not well founded. Not only does it not appear that the two mortgage creditors had knowledge of the defective advertisements at the time the sales were made, but, moreover, to sustain the pleas virtually would force upon them the results of sales which are subject to annulment, upon attack by the many

creditors of the apparently insolvent succession and by the heir who is not administratrix. Succession of Gairnes, 121 La. 223, 46 So. 217.

The trial judge rejected the demands of the administratrix to refer the privileges and mortgages to the proceeds of the sale and to cancel them.

The judgment is affirmed.