No. 9798.

### MUELLER *v.* THE STATE.

SUNDAY LAW.—*Sale of Cigars.*—The sale of cigars on Sunday, in the usual course of the seller's business, to an habitual smoker of cigars, is a violation of the Sunday law.

SAME.—*Hotel-Keeper.*—A hotel-keeper may not keep open, on Sunday, a stand, bar or other place, for the purpose of general sales of cigars. or tobacco to resident customers or boarders, however it may be as to the transient guest, who had had no opportunity to provide for his Sunday wants.    *Carver* v. *The State,* 69 Ind. 61, disapproved.

SAME.—*Necessity.*—The court does not know judicially, that smoking a. cigar, by one who has acquired the habit, is a necessity.

SAME.—The word "necessity," as used in the Sunday law, does not mean an absolute or physical necessity, but a moral fitness or propriety of the work or labor done, under the circumstances of the particular case. It ought to be an unforeseen necessity, or such as could not reasonably have been provided against.

From the Marion Criminal Court.

*O. T. Boaz,* for appellant.

*D. P. Baldwin,* Attorney General, and *J. B. Elam,* Prosecuting Attorney, for the State.

WOODS, J.—The appellant was tried and convicted before a justice of the peace upon a charge of violating the Sunday law, in that on Sunday, the 23d day of October, 1881, he was found at common labor and engaged in his usual avocation [vocation], to wit: Selling cigars and tobacco to one James Smith and divers other persons of unknown names, the transaction not being a work of charity or necessity.

Upon appeal to the criminal court the defendant was again tried, convicted and adjudged to pay a fine. No question is made of the formal sufficiency of the affidavit. The appeal is based entirely upon the proposition, that the finding of the court was contrary to the law and the evidence, and not sustained by sufficient evidence. The evidence was as follows : James Smith testified : "My name is James Smith ; I reside in the city of Indianapolis ; I know the defendant, Oscar Mueller ; he is the person now here in court as the defendant in this cause ; he is over fourteen years of age ; he is engaged in the business of retailing cigars, and has what is called a cigar store ; he also keeps tobacco in other forms for sale at retail, and has no other business in connection with his cigar and tobacco business ; I am an habitual smoker of cigars and chewer of tobacco, and on Sunday the 23d day of October, 1881, I went into his place of business and bought of him two cigars and a quarter of a pound of chewing tobacco ; he was then carrying on his business as usual, and just as he did on week days ; he delivered to me the said cigars and tobacco, and I paid him, at the time, ten cents for the cigars and twenty cents for the chewing tobacco, and he accepted the money. This was in this year, 1881, and in the city of Indianapolis, Marion county, Indiana. There was nothing said between us about the said transaction, except that I simply called for what I wanted, and he waited on me just as he would on any other day of the week. There were several other persons in the place, buying as I was, but I do not now know who they were."

Ed. Stewart testified : ''I made the affidavit in this cause. I knew of cigars and tobacco being sold to James Smith as charged in the affidavit, and also to some others, on the same day, but I did not know who any of them were.''

The section of the law under which the prosecution was instituted is a substantial, though not literal, re-enactment of the act of February 28th, 1855, 2 R. S. 1876, p. 483, and reads as follows : ''Whoever, being over fourteen years of age, is found on the first day of the week, commonly called Sunday, rioting, hunting, fishing, quarreling, at common labor, or engaged in his usual avocation [vocation?], works of charity and necessity only excepted, shall be fined in any sum not more than ten nor less than one dollar ; but nothing herein contained shall be construed to affect such as conscientiously observe the seventh day of the week as the Sabbath, travellers, families removing, keepers of toll-bridges and toll-gates, and ferrymen acting as such.'' Public Offenses, Acts of 1881, p. 194, sec. 95.

The appellant's counsel, relying mainly upon the opinion in the case of *Carver* v. *The State*, 69 Ind. 61, asks us to declare judicially, that cigars and tobacco, in the sense of the law, are necessities to those who are accustomed to use them, and hence that the defendant had the right to pursue on Sunday his usual vocation of supplying these articles to those who needed them.

The proper interpretation and application of a law like this is necessarily difficult. Necessity, like fraud, is incapable of a definition at once accurate and sufficiently comprehensive to accomplish the object of this enactment. The law, however, must often deal with the indefinable. The lawgiver's work is to make the law in such general or specific terms as are deemed suitable to declare his purpose. The duty of the courts is not to defeat, but to discover and enforce, the legislative design.

The command of the law in question is that men shall not engage in common labor or in their accustomed pursuits on Sunday, works of charity or necessity excepted. What should be deemed a necessity, the law itself could not well have been made to say, and any attempt of the courts to frame a definition of general application would be more likely to produce confusion than certainty. The question in each case must be decided according to the circumstances, and is therefore more a question of fact than of law.

Much of the prevalent confusion and doubt upon the subject has arisen, probably, from attempts made to determine and declare, as by a rule of law, that which was properly determinable only as a matter of fact, or, at most, of combined law and fact. For instance, it is said in *Carver* v. *The State,* that "In this State it has been held that manufacturing malt beer, gathering and boiling sugar water to prevent its waste, receiving the verdict of a jury by a court, and gathering the fruits of the earth to prevent their decay and taking them to the market-place on Sunday, are works of necessity within the meaning of the present act." But a reference to the cases cited will show that each of them was decided upon its own circumstances. Manufacturing malt beer on Sunday was not unlawful, because the process could not otherwise be completed; gathering and boiling sugar water, because it was necessary in order to save it; hauling melons to market, because, as the defendant in the case was situated, he could not otherwise have saved his property. But the cases are not authority to the effect, that if the defendant, in any of the cases, had done more than was reasonably necessary, he would not have been amenable to the law. To illustrate : The necessity of gathering the sugar water as it runs is manifest, but whether the boiling of it is necessary may depend on the means of storing and saving it which the party has on hand, or, under the circumstances, ought to have had

ready.  The necessity, in any such case, is to be determined evidently as a matter of fact.

It is further said in the Carver case, that the true rule was laid down in *Wilkinson* v. *The State,* 59 Ind. 416, namely: "That labor performed on Sunday, which is necessary, under any particular state of circumstances, for the accomplishment of a lawful purpose, is not a violation of the Sunday law;" and, proceeding from this proposition, the opinion, apparently for the purpose of accurately stating the exact point decided, says: "Keeping a hotel in this State on Sunday is not unlawful.  Keeping a hotel on Sunday, in the same way that it is usually kept on a week day, is not unlawful.  It follows, then, that if a hotel keeps a cigar stand, which is a part of its establishment, from which it sells cigars to its guests, boarders and customers, on a week day, to sell cigars from the same stand in the same way on Sunday is not unlawful. Indeed, we see no difference, legally, between the act of selling a cigar under such circumstances, and the act of furnishing a cup of tea or coffee, a meal of victuals, or supplying any other daily want, to a customer on Sunday for pay.'"

If hotel-keepers may maintain cigar stands, and sell therefrom on Sunday to their guests, boarders and customers, and ordinary dealers, who do not keep hotel, can not sell from their places of business, it is evident that the users of tobacco or cigars will become Sunday customers of the hotels, and there will result an odious and intolerable monopoly, which ought to condemn the interpretation of the law that leads to it.  Whether the hotel-keeper may provide and furnish cigars and tobacco, on Sunday, to his travelling guest, who may reasonably be supposed to have had no opportunity to supply himself for the day, need not be decided, as the question is not before us.  But that he may not keep open a stand, bar or other place, for the purpose of general sales to resident customers or boarders, who, like other citizens, ought to anticipate and furnish a supply for their

Sunday wants, seems clear. There should be no privilege allowed to the hotel-keeper, of selling to his boarders and resident customers, which is not allowed to the keeper of a boarding house or restaurant, or to other classes of dealers.

But the claim is made that it is not unlawful to sell cigars on Sunday to any one accustomed to use them, because "smoking a cigar, by those who have acquired the habit," is "clearly a necessity." Upon what principle the court can take judicial knowledge of such a fact, if it be a fact, is not plain. It is hardly probable that the law-makers contemplated that the cravings of a morbid and unnatural appetite should be deemed to create such an imperious necessity for appeasement as that the general requirement for Sunday observance should yield to it, while the supplying of the ordinary necessities of life, like food and clothing, by purchase and sale out of the stores, should be forbidden.

The drinking of intoxicating liquors is not unlawful upon any day; and upon all days, except Sunday and some other specified days, their sale is not unlawful. If it can be said by the court that a cigar is necessary to the smoker, it is no less certainly known that a drink is, in the same sense, needful to the drinker. The appetite for the latter is not weaker than the demand for the former. The law, however, specifically forbids the sale of intoxicating liquors on Sunday. He who uses them must, therefore, anticipate his necessity, and provide beforehand a supply for Sunday use; and no good reason occurs to us why, under ordinary circumstances, the user of cigars or other forms of tobacco, should not be required to be equally provident.

The rule which, in *Carver* v. *The State, supra*, is declared to be the true rule, is in fact a rule which can not be practically applied without nullifying the law. To repeat it, the rule is, that labor which is necessary, under any particular circumstances, for the accomplishment of a lawful purpose, is not forbidden. This deduces the necessity from

the lawful purpose; whereas, under the terms of the law, the purpose, or work done to accomplish it, can be lawful on Sunday only when, under the circumstances, there was a present and pressing necessity for its accomplishment on that day. Under the rule, as stated, any lawful purpose may be accomplished by doing on Sunday what, under the circumstances, was necessary to achieve it. The law, however, makes all purposes unlawful in so far as they require common labor or the pursuit of accustomed employments on Sunday, except works of charity or necessity. So that, in order to determine what purposes may be lawfully attempted on Sunday, we are brought back to the original inquiry, what does necessity, as used in this law, mean? It may be said, as has been said before, that it does not mean an absolute or physical necessity, but a moral fitness or propriety of the work or labor done, under the circumstances of any particular case. *Morris* v. *The State*, 31 Ind. 189, and cases cited. Generally speaking, it ought to be an unforeseen necessity, or if foreseen, such as could not reasonably have been provided against.

Coming to the case in the record, the evidence shows that the defendant on Sunday had his tobacco store open for business, without any pretence of necessity, except to sell in the ordinary way. This was an infraction of the law, if no sale had been made; but the particular sale charged to have been made to Smith is established by the evidence, and no special necessity for the transaction is disclosed. If it were conceded that an appetite or craving creates a necessity, it does not appear that Smith was suffering or bought for the purpose of immediate use. For all that is shown, he may have made the purchase as a matter of convenience only, in anticipation of future wants.

The judgment is affirmed, with costs.