No. 9816.

## JOHNS v. THE STATE.

CRIMINAL LAW.—*Public Offence Act of* 1881.—Where the act of April 14th, 1881, Acts 1881, p. 174, defines an offence described in earlier statutes, it abrogates the provisions of such statutes.

SAME.—*Desecration of Sabbath.—Constitutional Law.*—The 95th section of the act of April 14th, 1881, Acts 1881, p. 194, does not grant immunities to one class of citizens which, upon the same terms, shall not belong to all, and is constitutional and valid.

From the Marion Criminal Court.

*H. N. Spaan* and *F. Heiner,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton,* and *J. B. Elam,* Prosecuting Attorney, for the State.

ELLIOTT, C. J.—The first question presented is : Which of the two acts declaring it a misdemeanor to engage in common labor on Sunday is in force, that of March 5th, 1881, or that

of April 14th, 1881? Our conclusion is that the statute in force is that of the 14th of April. It is found in a general statute grouping together public offences. It was the evident purpose of the Legislature to embody in this general statute the substance of former laws defining offences, and prescribing punishment for felonies and misdemeanors. The legislators intended to supplant all former enactments by the provisions of the act entitled " An act concerning public offences and their punishment." Where this act defines an offence described in earlier statutes, it abrogates the provisions of those statutes. The 95th section of the act of April 14th, 1881, declares the law governing prosecutions for the offence of engaging in common labor on the first day of the week, and is the law which governs this case.

The second question is this : Is the 95th section of the act of April 14th, 1881, in conflict with any constitutional provision ? A long line of decisions affirms the validity of this law. It has been sustained against repeated assaults. It has been a part of the statutory law of the State since its organization. Cases old and new have sustained and enforced it. *Rogers* v. *Western Union Telegraph Co.*, *ante,* p. 169, and authorities cited ; *Mueller* v. *The State,* 76 Ind. 310. Like statutes have been upheld in almost all of the States of the Union.

It is asserted that an objection against this statute is now urged, which has not been presented in any of the numerous cases decided by this court. This objection is, that the proviso which reads thus, " but nothing herein contained shall be construed to affect such as conscientiously observe the seventh day of the week as the Sabbath," brings the section under examination into conflict with section 23 of the Bill of Rights. This objection can not prevail. The constitutional provision referred to reads thus : " The General Assembly shall not grant to any citizen, or to any class of citizens, privileges or immunities which, upon the same terms, shall not belong equally to all citizens." The statute under immediate mention does not grant immunities to one class of citizens which,

upon the same terms, shall not belong to all. The terms upon which the immunity may be enjoyed are granted to all, and denied to none. All citizens accepting these terms may claim the immunity. All who observe the seventh day of the week are entitled to the immunity provided. There is nothing restricting any citizen from enjoying it upon the same terms with all his fellow citizens.

The framers of the statute meant to leave it to the consciences and judgments of the citizens to choose between the first and the seventh day of the week. One or the other of these days they must refrain from common labor. Which it shall be is to be determined by their own consciences. It was not the purpose of the law-makers to compel any class of conscientious persons to abstain from labor upon two days in every week. Without the proviso which is said to break down the law, a large number of citizens would be compelled to lose two days of labor. One day, because of their conscientious convictions of religious duty, and one by the command of the municipal law. We know that there are sects of Christians who conscientiously believe the seventh day to be the divinely ordained Sabbath. We know, too, that there is a great people, who, for many centuries, and through relentless persecution and terrible trials, have clung with unswerving fidelity to the faith of their fathers that the seventh day is the true Sabbath. If the proviso were wrenched from the statute, these classes of citizens would be compelled, in obedience to their religious convictions, to rest from labor on the seventh day, and, by the law, also compelled to refrain from common labor on the first day of the week. A leading and controlling element of our system of government is, that there shall be absolute freedom in all matters of religious belief. The statute here under examination is framed in harmony with this all pervading and controlling principle. It was meant, not to secure special privilege to any class, but to afford free opportunity to all to observe that day which, in their conscien-

tious judgments, they believe to be that upon which good men should cease from labor.

The opinion in *Fry* v. *The State*, 63 Ind. 552, vindicates the constitutionality of the statute we are discussing. It was there held that it is competent for the Legislature to restrict the sale of railway tickets to persons who have complied with certain prescribed terms, and to punish persons selling tickets who had not complied with the requirements of the law. As was there said by Howk, C. J., as the organ of the court, "It is neither the province nor the duty of the courts to call in question either the policy or the wisdom of any act of legislation."

Stoutly sustaining the views here declared are these cases: *City of Cincinnati* v. *Rice*, 15 Ohio, 225; *City of Canton* v. *Nist*, 9 Ohio St. 439. The Ohio cases do, indeed, go farther, for they declare that a statute without this exception would not be valid. These cases are entitled to great consideration, not only because they are ably reasoned, but also because the constitution of Ohio is very like our own.

Judgment affirmed.