No. 10,753.

## SHAW v. WILLIAMS ET AL.

SHERIFF'S SALE.—*Publication of Notice in Sunday Newspaper.—Injunction.*—
The publication of notice of a sheriff's sale in a Sunday newspaper is void, being forbidden by statute, R. S. 1881, section 2000, and the sale may be prevented by injunction.

From the Superior Court of Tippecanoe County.

*W. F. Severson*, for appellant.

*J. L. Miller*, for appellees.

ELLIOTT, J.—The appellant's complaint seeks an injunction to prevent the sale of real estate upon execution, and asserts a right to this relief upon the ground that the notice of the sale was published in a Sunday paper.

The validity of what is commonly called the Sunday law is no longer an open question; its validity was affirmed in an early case, and this holding has been again and again approved. *Johns* v. *State*, 78 Ind. 332; S. C., 41 Am. R. 577.

The case is governed by our statute; for, as we have a statute upon this subject, the common law does not prevail. The question, therefore, is, whether the act is one fairly within the operation of our Sunday law.

The sheriff is charged with the duty of giving due notice of sales, and the performance of any ordinary act connected with one's business or profession is usually considered an act of common labor. It would certainly not be proper for the sheriff to keep open his office on Sunday for the transaction of ordinary business; nor to make sales on executions on that day; nor to go about the country making levies on property. Extraordinary acts, or acts outside of the usual and ordinary course of the business of his office, may be done, because such acts can not be justly regarded as done in the discharge of the duties of his vocation. Advertising sales can not be said to be an extraordinary act, or one not within the usual vocation of the sheriff; on the contrary, it is one of the principal duties of his ordinary business. It would be strangely inconsistent to allow a sworn officer of the law to do an act within the line of his ordinary official duties on Sunday, and yet punish a cigar seller or a vender of goods for transacting his business on that day. It is clear on principle that the sheriff can not transact on Sunday the ordinary business of his office, but authorities are not wanting. In *Smith* v. *Wilcox*, 24 N. Y. 353, it was held that a contract for the publication of an advertisement in a Sunday newspaper was void under the provisions of a statute not unlike ours, and many cases are cited sustaining the holding. The court,

in the course of the opinion, said: "The plaintiffs necessarily, in the performance of their agreement by the publication of the advertisement, violated the letter as well as the spirit of the act prohibiting the exposure of merchandise for sale on Sunday, and no action will lie upon such contract. In a sense it was a contract by the plaintiffs for the performance of servile work on the Sabbath. They agreed to publish and circulate the advertisement of the defendants on Sunday by delivering a copy to each of their customers who should buy of them a copy of their paper; and incidentally they agreed to expose for sale and sell on that day their paper containing the advertisement. This was servile work in the same sense that the service of the attorney's clerk was, or that of a salesman in a dry goods store would be."

The publisher of a Sunday paper undertakes to circulate his paper on that day to subscribers and customers, and, as the publishing of such a paper is his vocation, it necessarily follows that he engages in it when he circulates the paper owned by him. It would be a perversion of all principle to permit a sheriff to aid in the violation of a statute by employing the violator to publish legal notices, for we should then have the singular anomaly of the chief ministerial officer of the county encouraging the violation of a law which it is his sworn duty to enforce. More directly in point than the case just commented on is that of *Scammon* v. *City of Chicago*, 40 Ill. 146. In that case it was held that a legal notice published in a Sunday newspaper was void, the court saying of the notice and publication that "To permit it to be given on Sunday is against the spirit and policy of our law. A large and most respectable portion of the community consider it immoral to issue Sunday newspapers, and, if these notices should be published in such papers only, property holders entertaining these opinions would have little chance of learning of the assessment." In the case of *Shaw* v. *Dodge*, 5 N. H. 462, the court said: "It is not doubted, that the serving of civil process falls within the prohibition, is unlawful, and can not be

justified, if done on the Lord's Day." In *Butler* v. *Kelsey*, 15 Johns. 177, it was held that a writ of enquiry of damages can not be executed on Sunday. The case of *Stern's Appeal*, 64 Pa. St. 447, decides that an order given to the sheriff on Sunday is illegal. Our own case of *Kiger* v. *Coats*, 18 Ind. 153, holds that the delivery of an award on Sunday is not invalid; but that case is expressly put upon the ground that such an act is not within the ordinary vocation of the arbitrator, and the decision is, therefore, not in point in a case where the act clearly appears to be within the ordinary line of one's duty or profession. An officer has no more right than a private citizen to do an act in violation of law, and an ordinary official act which can be done upon one day as well as another, without endangering the rights of any person, is an act in violation of our Sunday law. The fact that the sheriff directed the publication of the notice does not make the act of publishing it a lawful one. An act done in violation of a statute can not be made lawful by the direction of an officer, and it would be a solecism to affirm that an act done in violation of law constitutes a legal notice.

The printing of a newspaper is not all that is done by its owner; that is, indeed, work that may be done on a day other than Sunday; but the circulation of the paper, its delivery to subscribers, its sale to newsboys or customers, are things that are necessarily done on Sunday. The circulation is the most important part of the whole work of conducting the paper, for it secures readers for the advertisements, and profits, or, at least, compensation to the owner of the paper. The chief consideration in a contract for the publication of a legal advertisement is that the paper in which it is published shall be generally circulated and readers secured. The owner of a Sunday paper is pursuing his ordinary vocation when he is engaged in circulating his paper, and he who engages in his ordinary vocation on that day transgresses the law. Many cases declare that an act of ordinary business performed on

Sunday is unlawful. Among the cases enforcing and illustrating this principle are, *Link* v. *Clemmens*, 7 Blackf. 479 ; *Pate* v. *Wright*, 30 Ind. 476 ; *McCarthy* v. *State*, 56 Ind. 203 ; *Mueller* v. *State*, 76 Ind. 310 (40 Am. R. 245) ; *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169 ; S. C., 41 Am. R. 558.

A single case is cited by appellee, and that we do not regard as authority, for it is the decision of a *nisi prius* court, is not sustained by the adjudged cases, and the reasoning of the judge by whom the decision was made is unsatisfactory and inconclusive.

Judgment reversed.