The opinion of the court was delivered by
Blanchard, J.
The question here presented is, whether a judicial advertisement of property, ordered by a decree of court to be sold to effect a partition, made or appearing in a newspaper published on Sunday, is a legal advertisement.
The Court of Appeals held it was not. This court, deeming the case of the. character and importance justifying its being brought here, granted, its writ of review and the case is before us on the issue stated.
The immediate litigation had its origin in a rule taken on Henry Bremmermann to enforce compliance on his part with the bid he made for the property when it was offered at auction. He was the last and highest bidder and it was adjudicated to him.
He refused to accept title on the ground of alleged insufficiency.
Various defences were raised by him in the District Court, including, the one based on the Sunday advertisement. That tribunal decided them all against him. Whereupon he prosecuted an appeal to the-Court of Appeals, with the result that, while holding against him on all the other grounds set. up, the court considered his defense as to the want of legal sufficiency of the advertisement good, and reversed the judgment of the District Court.
, The writ of review was granted only as to this branch of the case. It was the only one presented in the .petition applying for the writ, and the only one argued in the brief of the applicant.
. If is considered, therefore, that the-ease is presently before us only on the question heretofore stated.
*2104 ■’Whether or not & Sunday advertisement of a judicial sale is legally sufficient must be determined by the codal and statutory provisions of tHe law of Louisiana.
The record shows auctioneers in the past have regarded it as sufficient. The practice and usage with them has been to advertise in the Sunday issue of the newspapers just as in the issue'of any other day of the week, making no distinction in days, and holding all advertisements, whether on Sunday, or Monday, or other days, equally efficacious. Many titles to real property in the State would be found to rest in part for security on advertisements appearing in public journals issued on the first day of the week.
Immovables require thirty days’ advertisement. C. C. 1167, 1339. Their sale can b.e made only thirty days after the first notice.' C. P. 670. And Sundays are always included in this computation of the time.
The rule laid down in McDonough vs. Gravier, 9 La. 532, was that immovable property must be advertised for thirty days excluding the day when the advertisement commenced and the day of sale, so that thirty clear days must elapse between. All days, therefore, between the date of the first advertisement and the sale are counted, Sundays as well as other days.
C. C. 1117 says: “For those advertisements for which the term of thirty days is fixed, it suffices if they are published in the newspapers * * * once a weelc during that time.” (Italics ours.)
' Sundays are ‘to be included in the thirty day period unless expressly excluded. See "State Ex Rel. Pharmaceutical Association vs. Michel, Secretary of State, 52 La. Ann. 942.
The law-maker has not excluded Sundays therefrom. If he had, the advertisement on that 'day would be insufficient. The only requirement is that the advertisement must appear once a weelc for the term of thirty days.
If then, Sunday is to be counted as one of the thirty days, why may not the appearance of the advertisement on one or more Sundays during that time, as was the case here, suffice? Such would seem to be'the common sense of the proposition.
Suppose no newspaper appeared on any other day — that the only paper published in the parish where the property to be sold is situated, was a Sunday paper. What then?
’ The requirement of law is that judicial sales of immovable property *2105 must be preceded by advertisement in a newspaper for a term of thirty ■days. To fulfill this requirement, if a newspaper is published in the parish, the advertisement must be inserted therein once a week during that time If the newspaper be a Sunday issue only, then, ex necessitate rei, the advertisement can appear only on Sunday. Would it be an illegal advertisement % Surely not.
The' law does not say thirty judicial days. If it did, then Sundays and legal holidays would have to be excluded. But where the law has made no exception it is not the province of the court to supply one.
We have a “Sunday law” in Louisiana prohibiting the exercise of secular avocations on that day. Certain exceptions are enumerated, among them newspapers. They may appear on that day as on any other. Act 18 of 1886.
The publication, then, of a newspaper on Sunday is recognized by the law as proper and legal. At least, a Sunday newspaper is not an unlawful publication, and no statute of the State warrants us in declaring that a judicial advertisement appearing in such publication on Sunday 'is illegal and invalid.
To make such advertisement on Sunday unlawful the law must expressly so declare. It has not done so.
In holding as above, we express no opinion concerning the wisdom .and propriety of such advertisements on Sundays. That is a field which this court properly leaves to others. See Hastings vs. Columbus, 42 Ohio State Reps. 593.
Certain cases in other jurisdictions have been cited as sustaining a •contrary view to that taken herein. But they are found to rest upon the terms and construction of local statutes, or else to be differentiated from the instant case in that the notice published stood in the place of process of court.
Thus, Shaw vs. Williams, 87 Ind. 158, held the publication of notice •of sheriff’s sale in a Sunday newspaper to be void.' But that was because the same was forbidden by the Indiana statute.
The case of Sawyer vs. Cargile, 72 Ga. 290, which held that the publication of notice of a marshal’s sale for taxes in a newspaper on Sunday was not legal, appears to have been based on a statute of that State and on decisions of the courts there, construing the statute to prohibit •such publication on Sunday.
In Scammon vs. Chicago, 40 Ill. 146, where it was held that in publishing a notice required by law to be published six days, when one of *2106 the six days upon which the notice appeared in print was Sunday, the same could not be counted, it appears that under the statute which there obtained, the notice stood in pldce of process. The proceeding was one in rem against certain lots of ground in the City of Chicago to make them amenable for an assessment for street paving.
The “process phase” of the question cannot be claimed for the advertisement we are here considering.
This kind of judicial advertisement is to be differentiated from those where the notice published is intended to operate as a citation to all persons concerned, as for instance the publication of notice of the filing of a tableau, or an account, by a succession representative.
In the latter cases the publication is the method devised and ordered by the law for calling upon all parties having an' interest — citing them — to appear and make opposition, if any they have, or take proceedings necessary to protect their rights in the premises.
In the former case — the one at bar — due process of law was had in the suit for partition of the immovable property owned in common. There was a judgment decreeing the property not susceptible of division in kind and ordering it sold to effect partition. The law requiring that in such ease the sale must be preceded by thirty days’ advertisement, the sheriff proceeded to advertise it and did advertise it for that period. It is clear the only purpose this advertisement could subserve, or was intended by the law to subserve, was to give publicity, .to let the general public know this sale would take place at a given time and place, and inviting the presence of competitive bidders — all with the end in view ¿of realizing to those concerned as large a price as possible for the property offered.
See State ex rel. Elliott vs. Halliday, 35 Neb. 333.
This notice to the public — the widespread advertisement of the property for sale — was as fully effected, indeed more so, by the publication of the 'same in the Sunday issue of the paper, as in an issue on a day other than Sunday.
The sheriff or auctioneer may not actually auction off the property on Sunday. He must not advertise it to be sold on Sunday. Special laws prohibit this. But the newspaper, to which the advertisement is-given for publication' once a week during thirty days, fulfills the law when it causes the same to appear in its regular issue on any day of the-week. ■ • -
- The law says simply that the advertisement suffices if it appear “once-a week” during the publication period. C. C. 1117.
*2107 Sunday is a day of the week — the first day of the week. Its appearance, then, on Sunday is an appearance during the week of which Sunday is the first day. As the law is written so must it be observed and, enforced.
Eor these reasons, it is ordered and decreed that so much of the judgment of the Honorable Court of Appeals as holds void the notices of sale published on Sundays be set aside, and such publications are now adjudged and decreed to have been sufficient in law and valid judicial advertisements.
It is further ordered, .etc., that this cause be remanded to the Court of' Appeals with instructions to revise its judgment in accordance with the views of this opinion and decree — costs of both courts to be borne by defendant in rule.
Rehearing refused.