Statement of the Case.
MONROE, J.
Plaintiff Mrs. Annie Grifford Nash, wife of and aided by M. L. Buckingham, alleges that for many years she had possessed as owner certain real estate in this city, and she complains that her possession has been disturbed by defendant, who, as she alleges, has surreptitiously taken possession of the property and collected certain rents therefrom, and she prays for judgment quieting her possession and condemning defendant for the amounts so collected.
Defendant sets up a tax title, which he piays may be held good, and, in the alternative, prays that he be reimbursed certain amounts expended by him in acquiring and preserving the property. There was judgment in the district court in favor of plaintiff, decreeing the nullity of the title set up-by defendant, and condemning him, for rents collected, at the rate of 850 per month from October 1, 1904, with interest until he shall have surrendered the property, and in favor-of defendant for the amounts claimed by him; and defendant has appealed.
Since the appeal, the death of defendant has been suggested, and his administratrix, has been made party in his stead.
Opinion.
The title of plaintiff and her possession,, to October, 1904, are established by the evidence. It is also shown that the property was adjudicated to defendant in June, 1904,. at a sale made for city taxes of 1900; that defendant has collected rent therefrom at the-rate of 850 a month since October 1, 1904, and that he has expended the amounts claimed by him. Several grounds of nullity were, and are, urged against the title set up by defendant. We find it necessary to consider but one of them. The notarial act upon which defendant relies recites that the sale of the property was advertised in the Daily States, but it was shown on the trial that *740 such was not the case. The defendant was then allowed to prove (over objection) that the advertisement was published in the City Item.' Pretermitting the question, whether the evidence was admissible, it appears that the sale was advertised to be made on June 13, 1904, that the advertisements were published in the papers of May 13, 20, and 27, and June 3, and 13, 1904, but that the last advertisement was published after the hour at which the sale was to take place, which was fatal to its validity, though, in point of fact, the sale was not made until June 15th. In re Lindner, 113 La. 772, 37 South. 720.
The judgment appealed from is therefore affirmed, at the cost of appellant.