(117 So. 588)

No. 28922.

## KEIFE v. LA SALLE REALTY CO.

June 4, 1928.

See, also, 163 La. 824, 112 So. 799, 53 A. L. R. 82.

Theodore Cotonio, of New Orleans, for appellant.

. Wm. Winans Wall, of New Orleans, for appellee.

THOMPSON, J. This is a suit to annul a tax sale made by the state tax collector of a certain lot of ground, with improvements, situated in this city, and fully described in the petition.

The adjudication was made on September 22, 1923, for the taxes of 1922, and the deed was executed and recorded on October 31, 1923.

The single ground of nullity set up in the petition and urged in argument is that there was no legal advertisement preceding the sale; that is to say, that the last advertisement appeared in the issue of the paper of the afternoon on September 19, 1923, whereas it should have appeared in the issue of the afternoon paper on the day preceding the sale, which would have been September 21st.

It is admitted that the New Orleans Item, a daily newspaper published in the afternoon, was, at the time of the tax sale, the official journal, and that the advertisement appeared in the issues of that paper on the afternoon of August 22d, 29th, and September 5th, 12th, and 19th, which was 30 full clear days, not including the day on which the first advertisement appeared, nor the day on which the sale took place.

Article 10, § 11, Constitution of 1921, provides that tax sales must be advertised in the official journal of the parish or municipality, if there be an official journal, in the manner as provided for sheriff's sales.

And all sheriff's sales of immovable property are required to be preceded by an adver-

tisement for 30 days. C. P. art. 670; Act No. 33 of 1916.

In the case, In re Lindner, 113 La. 775, 37 So. 720, it was held that, in matters of tax sales, there must be an issue of the newspaper containing the advertisement each week during the 30 days.

And in Zibilich v. Rouseo, 157 La. 936, 103 So. 269, this court reaffirmed the rule laid down in McDonough v. Gravier, 9 La. 531, which was approved in Schenck v. Schenck, 52 La. Ann. 2102, 28 So. 302, to the effect that, in computing the 30-day period prescribed in article 670, C. P., the day on which the first advertisement is inserted in the paper and the day on which the sale is to be made must be excluded.

▮Applying the rule as thus recognized to the facts admitted in this case, the advertisement was in accordance with the requirements of law, that is to say, the advertisement was made in the official journal, the advertisement appeared once a week for the period of 30 days, not counting the day on which the first advertisement appeared, nor the day on which the sale took place.

Section 1 of Act No. 33 of 1916, after declaring that all judicial sales by public auction required by law to be advertised in a newspaper may be published either in a morning or afternoon newspaper, provides that, when such advertisement is published in an afternoon newspaper, said advertisement shall be legal if the last advertisement shall be in an issue of said afternoon newspaper of the day last immediately preceding the day of sale.

This statute, in our opinion, was not intended nor did it have the effect of doing away with the requirement that advertisements of immovable property must be made weekly for 30 days, and that, in computing the 30 days, the day of the first advertisement and the day of sale must be excluded, as held in the cases cited supra.

Nor is the provision in said act susceptible of the interpretation contended for by the plaintiff.

▮The law has not required, and no decision which we have found has held, that the advertisement should appear on any specific day, nor that it should appear on the same day of the five weeks. All that is required is that the advertisement must appear weekly for a period of 30 clear days, as herein previously noted.

The language of the provision referred to is not peremptory or mandatory.

It does not say that the last advertisement must appear on the day preceding the sale, but that the sale shall be legal, where the advertisement is in an afternoon paper of the day preceding the day of sale. The provision assumes, of course, that the full 30 days is completed with such last advertisement.

▮This would be true, and the sale valid, if the advertisement was in a morning newspaper instead of an afternoon paper, as was the case here. In other words, whether the advertisement is in a morning or an evening paper, the last insertion of such advertisement must precede the day of sale, as was held in Zibilich Case, supra.

The provision of the statute of 1916 was inserted, no doubt, to save a situation like the ones which caused the tax sales to be annulled in the Linden Case and in the case of Buckingham v. Negrotto, 116 La. 737, 41 So. 54.

In both of these cases the last advertisement appeared in the afternoon of the day the sale was to take place in the forenoon.

In the last above-mentioned cases it was said:

"The advertisement of a tax sale in the last week of the 30 days must be published before the day and hour fixed for the sale."

▮Our conclusion is that the statute relied on by the plaintiff does not make it mandatory that the last advertisement of the 30-day

period shall appear on the day preceding the day of sale, and that a tax sale is not illegal because such last advertisement was not made on the day preceding the day of sale, provided, of course, there was 30 clear days' advertisement previous to the day of sale.

The case may be a hard one for the plaintiff, but that is true in most all cases where the citizen's property is sold for the government's taxes.

The plaintiff in the instant case had a year in which to redeem his property, but failed to exercise that right. He failed also to pay his taxes for the years 1923 and 1924.

We have no alternative but to hold the tax sale valid.

The judgment appealed from is therefore reversed, and the plaintiff's demand is rejected, at his costs in both courts.