## BOLTON et al. v. BYRD.
### No. 1312.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

Rich & Jones, of Bogalusa, for appellant.

M. I. Varnado, of Bogalusa, for appellees.

ELLIOTT, Judge.

The appeal in this case is from a judgment in which several consolidated suits were acted on under the above title and number in one and the same judgment. In the suit of Henry B. Bolton v. Warren Edgar Byrd, No. 5397 on the docket of the district court, the plaintiff, Bolton, attacks as illegal a sale made by the constable of the city court of Bogalusa of an undivided one-half interest, which he alleges belongs to him in a tract of land containing 12 acres described in his petition. And to clear his title, he also in the same petition attacks as invalid a subsequent sale of the entire tract by the sheriff of Washington parish, made in a suit entitled Warren Edgar Byrd v. Politha Hartfield, No. 5221 on the docket of the district court, for the purpose of effecting a partition of the tract by licitation. Both sales are alleged to be absolute nullities and judgment is prayed for against Byrd accordingly.

He further alleges in the same petition that he was compelled by force on the part of Byrd to pay Byrd $75 to prevent Byrd from dispossessing him of the land and taking his crop growing thereon. He prays for judgment against Byrd compelling the return of said amount, etc.

Mrs. Eva Bolton Kilpatrick, daughter of Henry B. Bolton, born of his marriage with her mother, Melissa Bolton, deceased, alleging that she was the sole heir of her mother and as such the owner of an undivided one-half of the one-half interest claimed by her father, intervened in the suit joining her father in his demand against Byrd. She speaks of her petition as an intervention and third opposition, but it is an intervention only. According to her petition, Henry B. Bolton is not the owner of an undivided one-half of the tract of land, as claimed in his petition, but of an undivided one-fourth and she is the owner of an undivided one-fourth as heir of her mother, Mrs. Melissa Bolton, deceased wife of Henry B. Bolton.

While the suit No. 5397 was pending, Henry B. Bolton and Mrs. Eva Bolton Kilpatrick filed an injunction suit against Byrd. This suit is entitled Henry B. Bolton et al. v. Warren Edgar Byrd, No. 5551 on the docket of the district court. In this suit Henry B. Bolton and Mrs. Eva Bolton Kilpatrick have for their purpose to enjoin and prevent Byrd

from ejecting them from the land in question. They claim to have possession together as owners of an undivided one-half of the tract in their own right and by authority and consent of the heirs of Tom Hartfield, owners of the other one-half, and that Byrd is illegally attempting to dispossess them, etc. They allege as before the nullity of the sale, made by the constable of the city court of Bogalusa, and of the sale subsequently made by the sheriff for the purpose of effecting a partition, etc.

In suit No. 5397 Byrd, defendant, filed a plea of estoppel, claiming that subsequent to the sale made by the constable aforesaid and subsequent to that made by the sheriff, Bolton had leased the property from him and paid him rent and was thereby estopped from questioning his title. In suit No. 5551 he filed an exception, that plaintiff's petition disclosed no right or cause of action.

Warren Edgar Byrd filed an answer in each of the said suits, including the intervention of Mrs. Kilpatrick, in which he denied that the sales under which he claimed the land were invalid. He alleges in his answers that his title is good, sets up that Henry B. Bolton has recognized his title by paying him rent in the amount of $75, and prays for further rent while plaintiffs continue to occupy the land, etc.

All the cases were consolidated for the purpose of trial and submitted to the court on an agreed statement of facts. The lower court rendered judgment holding, that the sale made in the execution of a writ of fieri facias from the city court of Bogalusa in the case entitled Mrs. Margana Byrd and Warren Edgar Byrd v. Henry B. Bolton, No. 3447 on the docket of the city court of Bogalusa, was null and void and of no force or effect, and ordered that it be canceled from the Conveyance Records of Washington Parish. It was further decreed that the sale made for the purpose of effecting a partition by licitation in the suit entitled Warren Edgar Byrd v. Politha Hartfield, No. 5221 on the docket of the district court, was also null and void, and it was ordered that the record made thereof in the Conveyance Books of Washington Parish be canceled. It was also decreed that Henry B. Bolton and Eva Bolton Kilpatrick and the heirs of Tom Hartfield were together the owners of the land in question. There was further judgment enjoining Byrd from disturbing Henry B. Bolton in his possession of the land in question. Judgment was rendered in favor of Henry B. Bolton and against Warren Edgar Byrd for $75, and

Byrd was condemned to pay the costs in both suits.

Byrd, defendant, has appealed. The plaintiffs, Henry B. Bolton and Mrs. Eva Bolton Kilpatrick, have not favored us with a brief analyzing their positions in the case. The appeal brings up all the orders and decrees entering into and forming part of the judgment appealed from. The exception of no right or cause of action, filed by Byrd in the suit No. 5551, and the plea of estoppel, filed by him in suit No. 5397, do not appear to have been ruled on in the lower court. Consequently, there is nothing in connection with the exception or plea of estoppel on which we can rule in review. The exception of no right or cause of action and the plea of estoppel are therefore looked on as having been abandoned in the lower court.

The grounds of nullity alleged by Henry B. Bolton in suit No. 5397, and in which Mrs. Eva Bolton Kilpatrick is intervener, have reference to a tract of land described as follows: Twelve acres of land being situated in Washington parish, La., with buildings and improvements thereon, said land being in the S.W. 1/4 of N.W. 1/4 of section 2, township 4 south, range 13 east, St. Helena Meridian, starting at the Northeast corner of above land; thence south along east line 7.93 chains to stob, the point of beginning; thence south parallel with east line 12.28 chains to stob on the south line of S.W. 1/4 of N.W. 1/4; thence east along south line 10.08 chains to S. E. corner of S.W. 1/4 of N.W. 1/4; thence north along east line of forty 12.30 chains to point of beginning, being the same property acquired by Henry B. Bolton jointly with Tom Hartfield per title recorded in C. B. 32, p. 604.

Henry B. Bolton alleges in his petition in suit No. 5397 as the first ground of nullity: "That the property was never legally seized and petitioner had no legal notice of the seizure in that Robert L. Pittman, who attempted to make the seizure and served notice was not a constable, deputy constable, sheriff or deputy sheriff and was without authority to execute the writs of the City Court of Bogalusa in said proceeding." The attack is based on the alleged lack of official capacity on the part of Robert L. Pittman to make a seizure and serve a notice of seizure in the execution of a writ of fieri facias emanating from the city court of Bogalusa in the suit heretofore mentioned entitled Mrs. Margana Byrd and Warren Edgar Byrd v. Henry B. Bolton, No. 3447 on the docket of the city court.

The record shows that R. H. Lambright was

constable of the city court of Bogalusa at the time in question. The office of constable is provided for by Act No. 14 of 1914, § 45 (amended Act No. 112 of 1922). The record contains a notice of seizure served by R. H. Lambright, constable, on Henry B. Bolton, defendant in the suit in the city court of Bogalusa. The notice bears date August 3, 1928, notifies Henry B. Bolton of the seizure of his undivided one-half interest in the tract of land hereinbefore described, and the return on the notice shows that personal service was made on said Bolton on the same day the notice was received. With this notice in the record and return thereon and the act of sale, executed by the constable, no reason exists for entering into a discussion concerning the effect of the service of a notice of seizure by Pittman. The record discloses a notice served by Lambright, who was unquestionably the constable with authority to make any service properly emanating from the city court. This ground of nullity is not supported by the record. The service by Lambright, constable, satisfies all the requirements of the law.

The next ground of attack is in regard to the period of time during which the property was advertised for sale. The plaintiff alleges in his petition: "That what purported to be a notice of seizure was served on petitioner on August 22nd., 1928 and he was given 3 clear days in which to make settlement before the property could be legally advertised for sale. That said property was advertised for sale September 22nd., 1928 and the first legal insertion of the advertisement appeared August 30th., 1928, less than 30 days prior to the date of sale." This averment, that notice of seizure was served on August 22, 1928, is refuted by the notice and return thereon, showing service made on August 3, 1928.

The agreement as to the facts on which the case was submitted contains the following stipulation concerning the period of advertisement: "That in said suit of Margana Byrd and Warren Edgar Byrd vs Henry B. Bolton due advertisement of the sale of said property was published in the Bogalusa Enterprise, a newspaper published in the English language at Bogalusa, 4th Ward of Washington Parish, Louisiana, for five issues of said newspaper, beginning on August 22nd., 1928 and running weekly therefrom, the last publication being on September 19th., 1928, and the property was sold on September 22nd., 1928 by said Constable." The period of time during which it is admitted the property was

advertised for sale was held sufficient in Kiefe v. La Salle Realty Co., 166 La. 553, 117 So. 588, and cases therein cited. Then again we must take into account the declaration, signed by R. H. Lambright, constable, in selling the land to Byrd, which reads as follows: "And on the 22nd day of August, 1928, after giving due notice to the defendant of the said seizure, I advertised the said property for sale in the Bogalusa Enterprise, a newspaper published in the City of Bogalusa, Louisiana, for more than 30 days, which said sale was advertised to take place on the 22nd day of September, 1928, at the usual hour for judicial sales in front of the City Hall at Bogalusa, Louisiana, and also notified said defendant to appear on said date and appoint appraisers according to law." This official declaration is presumed to be correct. There being no evidence to the contrary, it is presumably true.

The plaintiff Henry B. Bolton alleges that he was by force and duress compelled to pay Byrd $75 to keep said Byrd from appropriating to himself the growing crop belonging to Bolton on the land. In Byrd's answer he alleges that Bolton voluntarily paid this $75 as rent. It is shown that the $75 was paid, and there is no evidence that it was done as a result of force or coercion.

The subsequent sheriff's sale, made to effect a partition, is attacked as being null and void on the supposition, and none other, that the sale, made by Lambright, constable, to Byrd was null and void. We find that the sale, made by Lambright, constable, to Byrd is legal and valid and vested in Byrd all the interest that Henry B. Bolton had in said land at the time. But his interest consisted of an undivided one-fourth of the 12 acres and of the buildings and improvements thereon. It is admitted that the original one-half interest of Henry B. Bolton in the land belonged to the legal community of acquêts and gains, which existed between him and his wife, Mrs. Melissa Bolton, she having departed this life intestate July 14, 1924, leaving Eva Bolton Kilpatrick as her sole heir. It follows that at the time of the seizure and sale by the constable as heretofore stated and at the time and previous to the sale for the purpose of effecting a partition, made by the sheriff, one-half of the one-half interest, which Henry B. Bolton owned in the tract and in the buildings and improvements thereon, had passed to and vested in Eva Bolton Kilpatrick by inheritance from her mother. The interest of Eva Bolton Kilpatrick was not seized nor sold by the constable. So in-

stead of Byrd acquiring at the sale an undivided one-half of the land, he acquired but an undivided one-fourth; that being the entire interest that Henry B. Bolton owned in the land as the result of the death of his wife. Eva Bolton Kilpatrick was apparently not a party to the partition suit subsequently brought by Byrd for the partition of the land. Her interest was therefore not divested and she is apparently still the owner thereof.

We find on the face of the record another title trouble. The sale for the purpose of effecting a partition appears to have been made in the execution of a judgment contradictorily rendered between Warren Edgar Byrd and Politha Hartfield. In the petition of Warren Edgar Byrd in suit No. 5397 in which the sale made by the constable and that subsequently made by the sheriff for the purpose of effecting a partition are both attacked as nullities, it is alleged in article 3 of the petition: "That the other half of said property belongs to the heirs of Tom Hartfield, deceased, namely Nelson Hartfield, Elix Hartfield, Merdic Hartfield, Tom J. Hartfield, Molly Hartfield, all children of the said Tom Hartfield." Not one of these children appears to have been a party to the suit and sale for the purpose of effecting a partition and Politha is not alleged to be an heir or co-owner.

In view of the situation disclosed by the record, we think the judgment appealed from is in one respect correct and should be in that respect and particular affirmed, but in all other respects it is contrary to the law and the evidence and therefore erroneous and must to that extent be annulled, avoided, and set aside. Proceeding in keeping with these views, the judgment appealed from to the extent that it is therein held that the sale made to Warren Edgar Byrd by the sheriff of Washington parish in the suit entitled Warren Edgar Byrd v. Politha Hartfield, No. 5251 on the docket of the district court, is null and void, and the registry thereof made in the Conveyance Records of Washington Parish is ordered canceled, the said judgment is to that extent affirmed. But in all other respects and particulars the said judgment is annulled, avoided, and set aside and the demands of the said Henry B. Bolton against Warren Edgar Byrd in the consolidated suits are refused and rejected. And it is now ordered, adjudged, and decreed that Warren Edgar Byrd is the owner and as such entitled to the possession of an undivided one-fourth of said 12 acres of land herein above described and of the buildings and improvements thereon under and by virtue of said sale made by R. H. Lambright, constable, in the execution of a writ of fieri facias, issued out of the city court of Bogalusa in the suit entitled Mrs. Margana Byrd and Warren Edgar Byrd v. Henry B. Bolton, No. 3447 on the docket of the said city court, and that the title made to him by the constable together with the registry thereof in the Conveyance Book be corrected so as to show the interest he actually owns in said land. It is further ordered that Warren Edgar Byrd pay all the cost incurred in the lower court in said partition suit and sheriff's sale, and that Henry B. Bolton pay the cost of this appeal and all other cost not otherwise herein taxed.